Thomas v. Carson.

JOHN THOMAS, TRUSTEE, v. PETER N. CARSON ET AL.

FILED JANUARY 21, 1896.   No. 6260.

1. **Pleading**: NAMES OF PARTIES.   Where the petition or complaint states a cause of action in favor of the plaintiff personally, superadded words, such as "agent," "executor," or "trustee," will be regarded as *descriptio personæ* merely.

2. **Abstracts of Title**: STATUTORY BOND.   The bond required by section 1, chapter 64, Laws, 1887 (Compiled Statutes, sec. 65, ch. 73), is designed as security for those who may be damaged through the negligence or inefficiency, and possibly the fraud, of persons engaged in the business of compiling abstracts of title.

3. ———: ERRORS: LIABILITY OF ABSTRACTER.   T., the plaintiff, purchased a real estate mortgage relying upon the certificate accompanying an abstract of title, in which it was recited that C., the abstracter, had carefully examined the records of the office of the county clerk, the clerk of the district court, and county treasurer; and that there were of record in said offices no liens upon the property described except as in said abstract mentioned. *Held,* That C. is not liable on his bond on account of the omission from said abstract of a prior mortgage upon the property conveyed, then of record in the office of the *register of deeds.*

4. ———: ———: Certificate of Abstracter: Liability As-
      sumed.   The fact that the omission of the prior mortgage was
      the result of a conspiracy between C., the abstracter, E., the
      mortgagor, and P., to whom the subsequent mortgage was given,
      *held*, not material, since the certificate relied upon by the plaint-
      iff imparted notice of C.'s engagement and the extent of the
      liability assumed by him.

Error from the district court of Adams county.  Tried
below before Beall, J.

*Capps & Stevens,* for plaintiff in error.

*John M. Ragan, J. B. Cessna,* and *M. A. Hartigan,
contra.*

Post, C. J.

This was an action in the district court for Adams
county by the plaintiff in error Joseph Thomas, trustee,
who sued to recover from the defendants Carson, Doyen,
Spicknell, and Brunningscn, on the undertaking of the first
named defendant as a bonded abstracter.  The bond set
out in the petition below is in substantial compliance with
chapter 64, Laws, 1887 (Compiled Statutes, ch. 73, sec.
65 *et seq.*).  The breach alleged as the cause of action is the
making and certifying by Carson, the principal in said
bond, of an abstract of the title to a certain quarter-section
of land in Adams county, from which were omitted
two mortgages shown by the records of said county, and
which were valid and subsisting liens upon the property
therein described.  It is alleged that the plaintiff, relying
upon said abstract and accompanying certificate, purchased
a certain mortgage thereby appearing to be a first lien upon
said property but which was filed for record subsequent to
the recording of the two mortgages first described.  That
the mortgage so purchased by the plaintiff was not as shown
by said abstract and certificate a first lien upon said prop-
erty, but was, on the contrary, the third lien and no se-

curity whatever for the money paid therefor.   Carson, the principal, appears to be in default of answer, but the sureties join in an answer, of which the only allegation requiring notice is that the omission from the abstract of the two prior mortgages was the result of a conspiracy between Carson, their principal, the mortgagee therein named, the Western Loan & Investment Company, Elsmore, who, at the date of the several transactions involved, held the legal title to the property in question, and Charles H. Paul, the mortgagee named in the subsequent mortgage, and was done without the knowledge or consent of the answering defendants, or any of them.   The reply is a general denial of the allegations of the answer.

The foregoing statement omits many allegations of the pleadings, but is, it is believed, sufficient to illustrate the principles by which this controversy is governed.   On the trial below the plaintiff having introduced his evidence in chief, the defendants requested the court to direct a verdict in their favor on the following grounds: 1. The plaintiff is without authority to bring or maintain the action.   2. The plaintiff is not the real party in interest.   3. The abstract and certificate mentioned in the pleadings are shown to be in all respects true.   Said motion having been sustained, a verdict for the defendants was returned in accordance with the direction of the court, upon which judgment was subsequently entered, and which has been removed into this court for review by the plaintiff below.

The record contains no suggestion of the capacity in which the plaintiff sues, aside from his designation in the pleadings as " Trustee."   The allegation with respect to the payment by him for the securities mentioned is as follows:  "And in consideration of the delivery to this plaintiff of the $10,500 notes secured by the mortgage hereinbefore referred to, this plaintiff purchased said notes, paying therefor the sum of $10,500."   Mr. Ratzell, who represented the plaintiff in the purchase of said securities,

testified that the funds used for that purpose were advanced by Joseph Thomas, "Trustee," whose residence is in the state of Pennsylvania, but on his cross-examination stated that he had no information whatever as to whether said investment was made by Mr. Thomas on his own account or as the representative of another. We must, in view of these facts, regard the assumption that the action is prosecuted by the plaintiff in a representative capacity as unwarranted. On the contrary, assuming the petition to state a cause of action, it is in favor of the plaintiff individually, hence the word "trustee" accompanying his name in the pleadings is merely *descriptio personæ.* Where the petition or complaint discloses a cause of action in favor of the plaintiff personally, superadded words, such as "agent," "executor," or "trustee," may be treated as superfluous and wholly rejected by the court. (*Henshall v. Roberts*, 5 East [Eng.], 150; *Merritt v. Seaman*, 6 N. Y., 168; *Bennett v. Whitney*, 94 N. Y., 302; *Litchfield v. Flint*, 104 N. Y., 543; *Stilwell v. Carpenter*, 2 Abb. N. C. [N. Y.], 238, 62 N. Y., 639; *Holton v. Parker*, 13 Minn., 355; *Magee v. Board of Supervisors*, 38 Wis., 247; *Bragdon v. Harmon*, 69 Me., 29; *Sutton v. Mansfield*, 47 Conn., 388; 2 Boone, Code Pleading, p. 13.)

The conclusion thus stated renders necessary an examination of the third ground of the motion above mentioned, which is in effect that the veracity of the abstract and certificate introduced in evidence is not directly or indirectly assailed. However, as preliminary to an examination of that subject, it should be remarked that the act to which reference has been made requires each person engaged in the business of compiling abstracts of title to execute to the state of Nebraska a bond in the penal sum of $10,000, with not less than three sureties, conditioned for the payment by such abstracter "of any and all damages that may accrue to any party or parties by reason of any error, deficiency, or mistake in any abstract or certificate of title

made and issued by such person or persons." (Session Laws, 1887, p. 565, ch. 64, sec. 1.) On the back of the abstract in question we find printed a blank certificate in the usual form, in which it is recited that it is a full and complete abstract of all conveyances upon record affecting the property therein described. Carson, for reasons not disclosed by the record, instead of using the blank above mentioned, which included all conveyances affecting said property, executed and attached to the abstract a certificate in the following form:

"STATE OF NEBRASKA, }
    ADAMS COUNTY.      }

"I, P. N. Carson, an abstracter, duly qualified and having given the bond and had it approved as required by law, do hereby certify that I have carefully examined the records and files of the county clerk's office, office of the clerk of the district court, and treasurer's office, all of the county of Adams and state of Nebraska, and that the foregoing abstract is true in all respects.

"And I further certify that there are no other deeds, mortgages, or trust deeds, other conveyances or contracts of any kind, or any other mechanics' liens, judgments, attachments, actions in equity, or other liens or proceedings, or any taxes upon, or any tax proceedings, or liens for taxes upon the premises described in the heading of this abstract, or any part thereof, upon or in the records of either of the said three offices, to-wit, county clerk's office, office of the clerk of the district court, and treasurer's office, all of the county of Adams, except as hereinbefore set out.

"N. P. CARSON,
"Dated May 8, 1889.                    Abstracter."

There are two facts conclusively established by the evidence in the record, viz.: (1) That the entries upon the abstract in question are in all respects true; (2) that at the date of said abstract, and for more than a year prior thereto, there was a register of deeds for Adams county, who is by

law made the custodian of all records of deeds, mortgages, and other instruments affecting the title to real estate in said county, and that the two prior mortgages above mentioned were not of record in either of the offices named in the foregoing certificate. It is also reasonably certain from the evidence that the omission from the abstract of the prior mortgages was, as alleged by defendant, the result of a conspiracy between Carson, Elsmore, Paul, the Western Loan & Investment Company, and others. It is possible that the terms "abstract" and "certificate of title" are used interchangeably in the statute, and that an abstracter would be chargeable upon his bond for damage resulting from the omission of a prior conveyance in the absence of any additional certificate; but it is unnecessary at this time to determine that question, since it is expressly charged by the plaintiff that he relied upon the certificate of Carson that there were no liens upon the mortgaged property except those shown by the abstract. Turning again to the certificate, it is apparent that by no reasonable or natural construction can it be held to include or apply to liens or conveyances of record in the office of the register of deeds. The evident purpose of the bond required by the statute is to provide security for persons who may be damaged through the negligence or inefficiency, and possibly the fraud, of abstracters. It is unnecessary to consider the question so ably argued by counsel for plaintiff, viz., whether Carson was, in contemplation of law, an officer, and his undertaking an official bond, or whether the requirement in that respect is a mere exercise of the power to regulate the business to which it applied. It is sufficient that the relation between an abstracter and his employer remains as it was before the statute, purely contractual, the only difference being, as already observed, that the bond of the former is a guaranty of his skill and faithfulness, and perhaps his fidelity. He may be, and frequently is, employed to search the record for liens only, or for deeds only, but in all cases his liability is

measured by his employment; and where, as in this case, his engagement applies to particular records, his liability will not, by implication, be so extended as to embrace liens or conveyances not disclosed by a search of the designated office or offices.   In other words, in order to maintain an action upon the statutory undertaking of an abstracter, it is necessary to show that the act of omission or commission alleged as the cause thereof is a breach of the conditions, express or implied, of the particular engagement to which it relates.   The omission to which the plaintiff's loss is attributed not being, according to the record, a violation of the terms or conditions of Carson's employment as an abstracter, is not a breach of the bond upon which this action is found, and the district court did not, therefore, err in the direction complained of.   We must not from these views be understood as intimating that the plaintiff is without remedy for the wrong alleged.   It may be, and probably is, true that the purpose of Carson and his confederates above named was, by means of the certificate employed, to defraud purchasers of the subsequent mortgage through assignment from Paul, the mortgagee; but, as has been shown, the prior mortgages were omitted from the abstract, with the knowledge and consent, if not by the procurement, of Paul, and the certificate was evidently satisfactory to him.   The plaintiff may, therefore, as the victim of such fraud, in addition to the remedy against the parties antecedently liable on the notes and mortgage, pursue the several conspirators by an action for fraud; but being a stranger to the agreement under which the abstract was furnished, and having purchased the notes and mortgage, relying upon the certificate, which of itself imparts notice of the limitation upon Carson's liability, he must look elsewhere for relief than to the bond declared upon in this action.

Defendants also rely upon a want of privity between the plaintiff and Carson, and argue that the abstract being sat-

isfactory to Paul, at whose instance it was prepared, and to whom the subsequent mortgage was given, cannot be made the basis of recovery in favor of a stranger to the transaction. The cases cited by counsel appear to sustain the proposition contended for as a rule of the common law, although their application to a statute like ours under which the bonds of abstracters are conditioned for the payment of "all damage that may accrue to any party or parties by reason," etc., may well be doubted. It is, however, unnecessary to pursue that subject, since, for reasons stated, the judgment must be

AFFIRMED.

RAGAN, C., not sitting.