H. H. NORTHUP ET AL., APPELLEES, V. E. W. BATHRICK, APPELLANT.

FILED JANUARY 5, 1907. No. 14,610.

1. **Appeal:** DISMISSAL. It is error for the district court to dismiss an appeal from the judgment of a county court for an insufficient bond, where the bond given contains all the statutory provisions and is signed by a surety and approved by the county judge.

2. ———: BOND. If such bond is defective appellant should be allowed to provide a new and sufficient bond.

3. **Appeal Bond:** SIGNATURE. The word "Cashier" appended to the signature of a surety on an appeal bond is merely *descriptio personæ*.

APPEAL from the district court for Furnas county: ROBERT C. ORR, JUDGE. *Reversed.*

*W. S. Morlan,* for appellant.

*John Stevens, Jr., contra.*

OLDHAM, C.

This was an action on an account, originally instituted in the county court of Furnas county, Nebraska, where the plaintiffs had judgment. Defendant appealed from the judgment, and gave a bond duly approved by the county court, conditioned as required by law. When the

cause was docketed in the district court, plaintiffs filed a motion to dismiss the appeal, because "the pretended bond was signed by 'C. E. V. Smith, Cashier,' as surety, and said 'C. E. V. Smith, Cashier,' is not authorized to sign said bond, and the same is not binding upon him personally." This motion was taken up by the district court in the absence of the defendant and his attorney and sustained, and the appeal was dismissed. To reverse this order and judgment of the district court defendant has appealed to this court.

As the bond was in compliance with the statute governing appeals in form and condition, and as it was duly approved by the county judge, it gave the district court jurisdiction of the cause on appeal. And, even if it had been defective and insufficient in security, the defendant should have been allowed to provide a new and sufficient bond, without having his appeal summarily dismissed. *Rube v. Cedar County*, 35 Neb. 896. Again, there was no objection to the bond on account of the solvency of the security, the objection being that the word "Cashier," appended to the signature, showed that the bond was intended to be executed in a representative and not in the personal capacity of the surety. The condition of the bond bound the surety personally, and the designation "Cashier" after the signature was pure surplusage and mere *descriptio personæ*. *Thomas v. Carson*, 46 Neb. 765; *Farrell v. Reed*, 46 Neb. 258.

We are therefore of opinion that the district court erred in dismissing defendant's appeal, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.