N. M. SOMMERVILLE, APPELLANT, V. BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY ET AL., APPELLEES.*

FILED DECEMBER 9, 1927. No. 25643.

*Brown & Dibble,* for appellant.

*W. W. Slabaugh, Henry J. Beal, James E. Adams, Gaines, Van Orsdel & Gaines* and *Blackburn & King,* contra.

*Edwin F. Myers, amicus curiæ.*

* Note—Rehearing denied. See opinion, 117 Neb. ——.

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Eberly, JJ., and Rait, District Judges.

Rait, District Judge.

The appellant, as a taxpayer, made complaint to the board of equalization of Douglas county respecting the assessment of appellee life insurance companies. His complaint was dismissed, and he attempted an appeal to the district court, where demurrers to his petition were sustained, and, following these rulings, the matter is brought to this court.

Appellant's complaint is as follows:

"The Honorable Board of Equalization of Douglas county, Nebraska.

"Omaha, Nebraska, June 9, 1925.

"Sirs:— The undersigned, a citizen-taxpayer of Nebraska, hereby respectfully informs your honorable body, that the following named domestic corporations, located in Omaha, Douglas county, Nebraska, to wit, the Bankers Reserve Life, Equity Life, North American Nat'l Life, Northwestern Life, Omaha Life Ins. Co., and Prairie Life, did not list (with the assessor) for assessment (at actual value) and taxation (at 25 per cent. the tangible rate) their capital stock (corporation shares) as required by sections 5808, 5810, 5811, 5813, 5818, 5820, and 5884, Comp. St. 1922, for the years 1922, 1923, and 1924, as per section 5888, Comp. St. 1922. Therefore your informant prays that you proceed against said negligent domestic corporations according to provisions made and provided in sections 5888, 5915, 5937. 5938, 5942, 5944, 5963, 5972 (fifth) 5973, and 5974, for the aforementioned years— 1922, 1923, and 1924.

"Also, further, inasmuch as the 1925 legislature did not repeal any sections of the intangible law, only amending so as to change the rate from 25 per cent. of the tangible rate to a flat 5, or 2½ mill levy on each dollar of actual valuation (½ or ¼ of 1 per cent.) your informant prays, that for the year 1925 the capital stock (personal intangible property) of the aforenamed domestic corporations be

assessed and taxed as 'directed by law' (sections 5820, 5884, and 5890, Comp. St. 1922) and provided in the Constitution (art. VIII, secs. 1, 2, and 4).

"For this, your informant—petitioner, the undersigned, does and ever will pray.

"N. M. Sommerville,
"Lincoln, Nebraska."

In plaintiff's brief it is said:

"In deciding the constitutional question here raised, this court must determine whether the tax provided by section 5896 is a *property tax* or a tax upon *insurance interests or business.* If a property tax, then said section is clearly in violation of the uniformity clause of the Constitution above quoted. The authorities above cited so hold, and a different rule cannot be established without overruling said cases. If a tax on insurance interests or business, then the intangible property of the defendant insurance companies is by said section released from the burden of taxation, in violation of the Constitution.

"Under either view of the case, the section in question is unconstitutional, and the court erred in sustaining the demurrers and in not requiring the defendant companies to list their intangible property and capital stock for taxation for the years complained of.

"In conclusion, said section is unconstitutional because: (a) It exempts domestic life insurance companies from payment of taxes upon intangible property. (b) It is unconstitutional and void for want of uniformity. (c) It exempts domestic life insurance companies from the payment of taxes upon intangible property for the support of county and city municipalities and for the support of the public schools."

In this situation the court is asked to declare unconstitutional section 5896, Comp. St. 1922, so as to compel compliance with section 5884. Section 5896 provides that domestic life insurance companies shall pay 4 mills upon the gross premiums collected in this state, "in lieu of all other taxes upon intangible property," to be paid to the state;

and section 5884, provides that intangible property shall be assessed at 25 per cent. of the mill rate levied upon tangible property, to be paid to the county where the owner resides, and to be "in lieu of all other taxes upon such intangible property."

Section 1, art. VIII of the Constitution, provides:

"The necessary revenue of the state and its governmental subdivisions shall be raised by taxation in such manner as the legislature may direct; but taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, and taxes uniform as to class may be levied by valuation upon all other property."

It will be noted from the above that the legislature is empowered to tax tangible property by valuation, uniformly and proportionately, and to tax intangible property by valuation, uniformly, and without proportionate rates. This has been attempted by the legislature in sections 5896 and 5884. These sections, with others, while dealing with different classes, are comprised in the same subject-matter, the intangible tax law, as authorized by the Constitution. The requirement as to uniformity and valuation as provided in the Constitution runs through the entire intangible tax law, and the identical objections raised by the plaintiff against the constitutionality of section 5896 may be urged with as much force against section 5884.

The court is, then, asked to declare unconstitutional section 5896, so that section 5884 may be enforced. In these circumstances the relief asked for by this appellant may not be granted, as the relief and the burden are alike subject to the same objections. He asks the enforcement of the intangible tax laws and at the same time complains of them. In Black, Interpretation of Laws, sec. 99, it is said:

"In the construction of a statute, in order to determine the true intention of the legislature, the particular clauses and phrases should not be studied as detached and isolated expressions, but the whole and every part of the statute must be considered in fixing the meaning of any of its parts. * * *

"There are two principal reasons for this rule. In the first place, the force and significance of particular expressions will largely depend upon the connection in which they are found and their relation to the general subject-matter of the law. The legislature must be understood to have expressed its whole mind on the special object to which the legislative act is directed; but the vehicle for the expression of that meaning is the statute, considered as one entire and continuous act, and not as an agglomeration of unrelated clauses. Each clause or provision will be illuminated by those which are cognate to it and by the general tenor of the whole statute, and thus obscurities and ambiguities may often be cleared up by the most direct and natural means. In the second place, effect must be given, if it is possible, to every word and clause of the statute, so that nothing shall be left devoid of meaning or destitute of force. * * * To this end, each provision of the statute should be read in the light of the whole. For the general meaning of the legislature, as gathered from the entire act, may often prevail over that construction which would appear to be the most natural and obvious on the face of a particular clause. It is by this means that contradictions and repugnancies between different parts of the statute may be avoided. The rule stated is therefore one of primary importance, and it is well established upon the authorities."

The intangible property tax law, although containing several sections, is nevertheless a legislative unit which must conform to the Constitution and contain the elements of valuation and uniformity and be free from the element of exemption.

The section sought to be enforced requires the same consideration as the section sought to be stricken. Objections to one section may equally be applicable to the other. If the vulnerability of one is established, the other may also be afflicted, so that if the law is to be questioned it should be done by a party who at the same time does not invoke it.

"A party invoking the provisions of a statute is not in

a position to raise the question of its constitutionality." *LaBorde v. Farmers State Bank, ante,* p. 33.

Attention is called to the fact that plaintiff did not give notice of appeal within ten days as provided by section 866, Comp. St. 1922. This is a jurisdictional requirement, and a failure to comply with the statute defeats the appeal. Taxpayers' appeals are usually impressed with a public interest, and earlier notice of an intent to contest the decisions of the boards of equalization in these cases is required, presumably for the purpose of affording the boards an opportunity to rectify their action. The right to appeal is a statutory one, and the record must conform to the statute where the requirements are mandatory.

AFFIRMED.