N. M. SOMMERVILLE, APPELLANT, V. BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY ET AL., APPELLEES.

FILED OCTOBER 19, 1928. No. 25643.

*Brown & Dibble,* for appellant.

*W. W. Slabaugh, Henry J. Beal, James H. Adams* and *Gaines, Van Orsdel & Gaines,* contra.

*Edwin F. Myers, amicus curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

PER CURIAM.

This case will be found reported in 116 Neb. 282. After the opinion was adopted, a motion for a rehearing was filed by appellant, and the case was set for argument on the motion before the court, which was had. A careful review of the record, in the light of able arguments of counsel both oral and by way of printed briefs, impresses us that the original opinion correctly reflects the facts and applies the law thereto, and it is adhered to. However, as the questions involved are of a public nature, in order that the law as thus announced may be more readily understood, it might be helpful to call attention to certain statutory provisions explanatory of that part of the opinion wherein we stated: "Attention is called to the fact that plaintiff did not give notice of appeal within ten days as provided by section 866, Comp. St. 1922. This is a jurisdictional requirement, and a failure to comply with the statute defeats the appeal. Taxpayers' appeals are usually impressed with a public interest, and earlier notice of an intent to contest the decisions of the boards of equalization in these cases is required, presumably for the purpose

of affording the boards an opportunity to rectify their action. The right to appeal is a statutory one, and the record must conform to the statute where the requirements are mandatory."

Section 5975, Comp. St. 1922, provides in part, as follows: "Appeals may be taken from any action of the county board of equalization to the district court within twenty days after its adjournment, in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county."

Turning then to sections 865 and 866, Comp. St. 1922, which are applicable to cases involving the allowance or disallowance of claims against the county, we find the following requirements:

Section 865 provides among other things: "And when the claim of any person against the county is disallowed, in whole or in part, by the county board, such person may appeal from the decision of the board to the district court of the same county, by causing a written notice to be served on the county clerk, within twenty days after making such decision and executing a bond to such county, with sufficient security, to be approved by the county clerk, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant. Upon the disallowance of any claim, it shall be the duty of the county clerk to notify the claimant, his agent or attorney, in writing, of the fact, within five days after such disallowance."

Section 866 provides: "Any taxpayer may likewise appeal from the allowance of any claim against the county by serving a like notice within ten days and giving a bond similar to that provided for in the preceding section."

Thus it will be seen that two kinds of notices are provided for, to wit: Under section 865, a claimant (a party having a direct interest in the matter) must serve notice of appeal within twenty days after the board's decision; while under section 866, a taxpayer (a party having an

indirect interest in the matter) must serve notice of appeal within ten days after the board's decision. As we have seen, Sommerville, the appellant herein, is a taxpayer, having no direct interest in the matter before the board, yet clothed with an indirect interest as such taxpayer, and therefore he was required to serve notice of appeal within ten days from the decision sought to be appealed from, which he did not do. Thus considering section 865 and section 866, we are constrained to conclude that whether such notice shall be one served within twenty days, or one served within ten days, depends upon whether the challenge is made by one having a direct interest as the owner of a claim, or by one having an indirect interest as a taxpayer.

One whose authority to prosecute an action is limited by statute must plead facts which bring him within such statutory limitations. Then, as we said in the course of the opinion in *Reimers v. Merrick County,* 82 Neb. 639: "Whenever the legislature provides for an appeal to a court from a decision of a board of equalization, that court, no matter what may be its grade, is one of limited jurisdiction for said purpose, and must keep strictly within the letter of the statute defining its power."

In this case Sommerville pleaded that his interest in the matters involved was that of a taxpayer, yet he failed to allege that he had, within ten days, given the required notice of his intention to prosecute an appeal from the action of the board of equalization complained of, a necessary jurisdictional fact, and neither does the record disclose that such notice was given in the ten days. Hence, the trial court did not err in sustaining the demurrers to the petition.

In harmony with the original opinion, and the views herein expressed, the judgment of the trial court is

AFFIRMED.