IN RE APPLICATION OF RAYMOND L. MILLER FOR A WRIT OF HABEAS CORPUS.
STATE OF NEBRASKA EX REL. RAYMOND L. MILLER, APPELLEE, v. N. P. CAVETT, SHERIFF, FIRST AND REAL NAME UNKNOWN, ET AL., APPELLANTS.

80 N. W. 2d 692

Filed January 25, 1957. No. 34044.

*Clarence S. Beck,* Attorney General, *Richard H. Williams, Kent Emery,* and *Raymond B. Morrissey,* for appellants.

*Robert S. Finn* and *Dwight Griffiths,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal in a habeas corpus proceeding from an order of the district court for Johnson County dismissing the appeal of Arvid J. Olson, sheriff of said county, from the judgment of the county court discharging the appellee from the sheriff's custody.

The motion to dismiss was based on three primary reasons: First, that the purported appeal bond was fatally defective; second, that the purported bond was not given by a party against whom the judgment was entered in the county court; and third, that the respondent sheriff failed to plead in the district court within the time prescribed by statute. The motion to dismiss was sustained generally and a dismissal of the appeal entered.

The record shows that a petition for habeas corpus was filed on November 1, 1955, in the county court of Johnson County by the appellee, whom we shall hereafter refer to as the relator. The writ was duly allowed and issued. The respondent sheriff filed an answer and return to the writ in which he stated in part that he was lawfully detaining and confining the relator pursuant to a warrant executed and issued by the Governor of Nebraska on the request of the Governor of the State of Iowa. A reply to the answer and return of the respondent Olson was duly filed. Upon the issues thus made, and after a hearing, the county court on November 8, 1955, discharged the relator and fixed the appeal bond at $500. Notice of appeal was given on November 10, 1955. An appeal bond was approved and filed by the county court on November 10, 1955. The relator was admitted to bail in the sum of $2,000 and an appearance bond was duly filed and approved on November 23, 1955.

The relator filed his petition for habeas corpus in the district court on December 27, 1955, the 49th day after the judgment was entered in the county court. On January 12, 1956, the respondent Olson, who will be treated as the appellant for the purposes of this appeal, filed a motion to strike portions of the petition. On March 23, 1956, relator filed a motion to dismiss the appeal, which motion was sustained on April 9, 1956. Notice of appeal to this court was given on April 16, 1956. The correctness of the appeal to this court is not in controversy.

It is contended by the relator that the appeal bond was fatally defective in that it provides that if judgment be adjudged against the respondent on appeal he will satisfy such judgment for costs instead of providing that the bond shall be double the amount of the judgment and costs, as required by section 24-544, R. R. S. 1943. It is clear that the only money judgment that could be entered was for the costs of the action. The bond was therefore sufficient to meet the requirements of the statute. It cannot logically be said that a bond for double the amount of a judgment and costs must be given when no judgment in any amount was, or can be, entered. It is urged also that the bond is without effect for the reason that the indemnity provisions of the bond provide only that the surety shall pay the costs in full in case of an adverse decision without fixing therein the amount of the bond. The recitals in the bond show that the county court fixed the amount of the appeal bond in the sum of $500. While the bond is irregular in form, it is sufficient to lodge jurisdiction of the case in district court. The irregularities of the bond are such that the trial court could properly require the filing of an amended bond to eliminate the irregularities found in the original. It is not an appeal bond which is so fallacious as to be no bond at all.

The bond was approved and filed by the county judge. Such a bond is not void although it fails to comply with

all the formalities of the law. In such cases the district court may permit or require the filing of a new bond, but it may not properly dismiss an appeal where it is possible to amend or replace the irregular bond. Northup v. Bathrick, 78 Neb. 62, 110 N. W. 685; Rube v. Cedar County, 35 Neb. 896, 53 N. W. 1009; Farrell v. Reed, 46 Neb. 258, 64 N. W. 959; Thomas v. Carson, 46 Neb. 765, 65 N. W. 899.

It is next contended that the bond was not given by a party against whom the judgment was entered in the county court. The basis of this contention is that the respondent sheriff caused to be inserted in the bond a description of himself as "Sheriff of Johnson County, Nebraska, acting under authority of a bench warrant issued by the Clerk of the District Court of Crawford County, Iowa." It is contended that in the county court the respondent was acting under a warrant executed and issued by the Governor of Nebraska, and that the change in terms in the bond has the effect of changing the parties and issues on the appeal. There is no merit to this contention. The issues are made up by pleadings and not the terms of the appeal bond. The use of the words "acting under authority of a bench warrant issued by the Clerk of the District Court of Crawford County, Iowa," is an additional and unnecessary description, and constitutes a mere surplusage. The description of the respondent as the sheriff of Johnson County, Nebraska, properly identifies him as the person to whom the warrant issued by the Governor was directed and the person who appeared as the respondent in the county court. There was, therefore, neither a change of parties nor issues resulting from the surplusage contained in the bond.

The relator contends that on an appeal from the county court to the district court in a habeas corpus case, it is the duty of the respondent to file a petition in the district court under section 27-1306, R. R. S. 1943. The proceedings upon a writ of habeas corpus may be reviewed as provided by law in civil actions. § 29-2823,

R. R. S. 1943. In the case of an appeal to the district court in a civil action the plaintiff in the court below shall be the plaintiff in the district court, and the parties shall proceed, in all respects, in the same manner as though the action had been originally instituted in the district court. § 27-1305, R. R. S. 1943. Section 27-1306, R. R. S. 1943, provides: "In all cases of appeal from the county court or a justice of the peace, the plaintiff in the court below shall, within fifty days from and after the date of the rendition of the judgment in the court below, file his petition as required in civil cases in the district court, and the answer shall be filed and issue joined as in cases commenced in such appellate court."

The foregoing-quoted statute clearly provides that the plaintiff, the moving party in the bringing of the action, is required to file his petition on appeal in the district court. In a habeas corpus proceeding the relator is the moving party and corresponds to the plaintiff in an ordinary civil action. This court considered this matter in In re Estate of Kothe, 131 Neb. 780, 270 N. W. 117, and therein stated: "The administrators contend that the heir at law is the plaintiff and, under this statute, was required to file a petition in the district court within the time designated, and that having failed to do so motion for nonsuit should have been sustained. We think this contention is unsound. The proceeding in the county court was instituted by the administrators in filing their final report and petition seeking its approval and allowance and for their discharge. They invoked the jurisdiction of that court and sought relief by their action. Pursuant to statute, notice was given of the hearing. The heir at law appeared, filed objections, contested the application of the administrators for discharge, and objected to allowance of their report on numerous grounds. While opposing litigants in that case were not designated as plaintiff and defendant, yet the administrators were the ones who instituted the proceedings

and therefore stand as the plaintiffs. The heir at law resisted the demands of the administrators and occupies the position of defendant. We are of the opinion that, under the statute, it was the duty of the administrators to file petition in the district court and that such duty did not rest upon the heir at law. The motion for non-suit was properly denied." See, also, In re Estate of Myers, 152 Neb. 165, 40 N. W. 2d 536.

Under the foregoing authority the relator as the party instituting the proceeding in the county court stands in the position of plaintiff on appeal within the meaning of section 27-1306, R. R. S. 1943. The respondent having appeared in county court in resistance to the writ assumes the position of defendant on appeal. Consequently, the respondent was under no duty to file a petition on appeal in the district court as contended by the relator.

It is contended also by the respondent that he is not required to file his answer and return to the writ in the district court on appeal until the district court issues a new writ. This contention has no merit. A writ was issued and served in the county court. Jurisdiction over the parties is obtained in the district court by virtue of the appeal. A second writ of habeas corpus is no more required on appeal than a second summons in an ordinary civil appeal. See Tail v. Olson, 144 Neb. 820, 14 N. W. 2d 840.

We conclude for the reasons herein stated that the district court was in error in dismissing the appeal of the respondent Olson. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.