ELMER REIBER, APPELLANT, v. WENONA HARRIS, COUNTY SUPERINTENDENT FOR ADAMS COUNTY, NEBRASKA, ET AL., APPELLEES.
ELMER REIBER, APPELLANT, v. WENONA HARRIS, COUNTY SUPERINTENDENT FOR ADAMS COUNTY, NEBRASKA, ET AL., APPELLEES.

139 N. W. 2d 353

Filed January 14, 1966. Nos. 36038, 36039.

Wagoner & Grimminger, for appellant.

Dunmire & Blessing, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

In two proceedings under section 79-403, R. S. Supp., 1963, a freeholder's board ordered that land be detached from school district No. 8 of Adams County, Nebraska, and be attached to school district No. 74 of Webster County, Nebraska. Elmer Reiber, a taxpayer of school district No. 8 of Adams County, Nebraska, appealed from both orders to the district court for Adams County, Nebraska.

Luther Goding, Jr., and Frances Louise Goding, the petitioners in case No. 36038, were designated as defendants in the district court in that case. John D. Fishel and Margaret A. Fishel, the petitioners in case No. 36039, were designated as defendants in the district court in that case. The members of the freeholder's board were defendants in each case.

In the district court both appeals were dismissed upon motions filed by the defendant petitioners. The plaintiff Reiber filed motions for new trial which were overruled and he has appealed to this court from the orders of the district court dismissing the appeals. Upon the stipulation of the parties, the appeals were consolidated for briefing and argument in this court. Since the cases involve identical questions, we dispose of both appeals in this opinion.

In each case the hearing before the freeholder's board was held on June 9, 1964. The order detaching the land from school district No. 8 and attaching it to school district No. 74 in each case was dated June 12, 1964. On June 24, 1964, in each case, the plaintiff filed in the district court for Adams County, Nebraska, a petition on appeal, a notice of appeal, a "cash bond," and a transcript of the proceedings before the freeholder's board. Each notice of appeal contained a certificate by the plaintiff's

attorney that a copy of the notice of appeal had been mailed to each of the petitioners in the case, and a certificate of the county superintendent of Adams County, Nebraska, stating that she had received a copy of the notice of appeal.

The cash bond filed in the district court in each case read as follows: "Comes now Elmer Reiber, Plaintiff in the above entitled action, and herewith deposits with the Court, a Cash Bond in the amount of $26.00 conditioned that plaintiff will pay all of the costs adjudged against him as a result of this Appeal.

"ELMER REIBER, Plaintiff,
WAGONER & GRIMMINGER
Attorneys for Plaintiff
By /s/ Sam Grimminger
"CERTIFICATE

"I, Bernard H. Taylor, Clerk of District Court for the County of Adams, State of Nebraska, do hereby certify that on the 24th day of June, 1964, there was deposited in my office a Cash Bond in the amount of $26.00 by Elmer Reiber, which Bond was applied by me for the payment of all costs in the prosecution of this Appeal.

"/s/ Bernard H. Taylor
CLERK OF THE DISTRICT COURT"

A certificate of the clerk of the district court appearing in the record in each case shows that the $26 deposited with the clerk of the district court in each case was in addition to $26 in costs paid by the plaintiff on June 24, 1964, in each case.

On July 28, 1964, the petitioners filed a written motion in each case to dismiss the appeal for the reason that the plaintiff had failed to perfect his appeal as required by statute. The motions specifically alleged a failure to file and execute a proper bond approved by the county clerk as required by section 23-135, R. R. S. 1943.

On September 14, 1964, the plaintiff filed motions to

amend the bond in each case by "obtaining the endorsement of the County Clerk's approval thereon" and by "adding the words 'conditioned for the faithful prosecution of this appeal.'"

The district court found in each case that the bond had not been filed with or approved by the county clerk as required by law. The plaintiff's motions to amend were overruled, the petitioners' motions to dismiss were sustained, and the appeals dismissed.

Section 79-403, R. S. Supp., 1963, provides that an appeal may be taken from the action of a freeholder's board to the district court of the county in which the real estate is located within 20 days after the entry of such action on the records of the board by the county clerk of the county in which the real estate is located in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county.

Section 23-135, R. R. S. 1943, provides that an appeal from the disallowance of a claim against a county may be taken "by causing a written notice to be served on the county clerk, within twenty days after making such decision and executing a bond to such county, with sufficient security, to be approved by the county clerk, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant." Section 23-136, R. R. S. 1943, provides that a taxpayer may appeal from the allowance of a claim by serving a like notice within 10 days and giving a bond similar to that provided for in section 23-135, R. R. S. 1943.

The Legislature has prescribed the method by which an appeal from an order of a freeholder's board shall be perfected. Within 20 days after the action of the board has been entered upon the records of the board by the county clerk of the county in which the real estate is located, a notice of appeal must be served upon the county clerk and a bond must be executed and approved by the

county clerk. These requirements are mandatory and jurisdictional. Sommerville v. Board of Commissioners of Douglas County, 116 Neb. 282, 216 N. W. 815, affirmed on rehearing, 117 Neb. 507, 221 N. W. 433; Drier v. Knowles Vans, Inc., 144 Neb. 619, 14 N. W. 2d 222. If the bond is not submitted to the county clerk for approval within the time required by statute, the appeal should be dismissed. County of Cedar v. McKinney Loan & Investment Co., 1 Neb. (Unoff.) 411, 95 N. W. 605.

The Cedar County case involved an appeal from the disallowance of a claim against the county. The defendant had moved to dismiss the appeal in the district court on the ground that the appeal bond had not been approved within the time required by law. In holding that the appeal should have been dismissed, this court stated: "In this case, so far as is disclosed by the record, the appeal bond was not approved by the clerk until some eight months after the decision appealed from was made, and until two months after the ruling on said motion. In our opinion, the appeal was not perfected within the time required by law, and the court erred in overruling defendant's motion to dismiss."

The record in each case here fails to show that a bond was executed and submitted to the county clerk for approval within the time prescribed by statute. Motions to amend the cash bonds were filed on September 14, 1964, more than 90 days after the date of the orders approving the petitions, and more than 80 days after transcripts of the proceedings before the freeholder's board had been filed in the district court. The time for appeal had then expired and the motions to amend were properly overruled.

The bonds which were filed in these cases did not comply with the statute in several respects. A bond which has been filed and approved within the time required by statute is subject to amendment if defective or invalid. See Jacobitz v. Bussinger, *ante* p. 524, 138 N. W. 839. In these cases the record does not show

that bonds were submitted to the county clerk for approval within the statutory time.

The judgment of the district court in each case is affirmed.

AFFIRMED.