BLANCHE F. PECK, APPELLANT, v. JAMES E. DUNLEVEY, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, ET AL., APPELLEES.

172 N. W. 2d 613

Filed November 28, 1969. No. 37133.

Paul E. Galter, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an appeal from an order entered by the Department of Motor Vehicles of the State of Nebraska on February 2, 1966, revoking the operator's license and operating privileges of plaintiff because of the failure to comply with the provisions of the Nebraska Implied Consent Law. The plaintiff was arrested in Fillmore County, Nebraska, for operating or being in actual physical control of a motor vehicle on a public highway while under the influence of alcoholic liquor. An affidavit was filed by the arresting officer and a hearing was held by the Department of Motor Vehicles. Thereafter an order was entered revoking the operator's license and operating privileges of plaintiff. Plaintiff then filed a petition on appeal in the district court for Lancaster County, Nebraska, and attached the transcript of proceedings provided under section 60-420, R. R. S. 1943. The district court for Lancaster County, Nebraska, dismissed the appeal on the ground that the applicable statute authorized appeal by the plaintiff to the district court for Fillmore County alone. Plaintiff has appealed this decision. We affirm the judgment of the district court dismissing the purported appeal filed in the district court for Lancaster County, Nebraska.

The plaintiff's contention that her petition on appeal is properly venued and that the district court for Lancaster County has jurisdiction of the matter is predicated upon the contention that the applicable statute is open to construction as to where the appeal may be filed, and that a proper analysis of our statutes pertaining to venue, contained in Chapter 25, article 4, R. R. S. 1943, leads to a conclusion that the statute should be interpreted to permit this appeal in the district court for Lancaster County, Nebraska.

This argument would appear to be somewhat of an

afterthought. Plaintiff in paragraph 1 of her petition on appeal states that: "* * * she prosecutes this action in equity under and by virtue of the provisions of Section 60-420, Revised Statutes of Nebraska, 1943, Re-issue 1960, *and related statutes*, all as amended; * * *." (Emphasis supplied.) We first observe that the general statutes that are the foundation of the plaintiff's argument all relate to the venue of an original action. It cannot be challenged that the case before us is an appeal proceeding governed by the special statutes contained in the motor vehicle code and relating to the procedure on appeal from the revocation or suspension of a motor vehicle operator's license. Section 39-727.11, R. R. S. 1943, states unequivocally where the appeal from the revocation or suspension of an operator's license is to be taken. It provides in part: "Any person who feels himself aggrieved because of such revocation may appeal therefrom to the district court of the county where the alleged events occurred for which he was arrested in the manner prescribed in section 60-420." This is the *related statute* referred to by the plaintiff herself in invoking the jurisdiction of the court. The pertinent portion of section 60-420, R. R. S. 1943, referred to by the plaintiff, is as follows: "Applicant or licensee shall file his petition in *such* district court within thirty days from the date of filing of the director's final order in the matter, * * *." (Emphasis supplied.)

All of the events foundational for the plaintiff's arrest occurred in Fillmore County, Nebraska. The statute is clear and unequivocal, and the procedure outlined was specifically enacted by the Legislature to govern appeals from the revocation or suspension of a motor vehicle operator's license. There is no contrary or inconsistent statute. The right of appeal in this state is clearly statutory and, unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist. And if these statutes create such a right, the mode and manner of appeal is statu-

tory and such jurisdiction can only be conferred in the manner provided by statute. From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441; Watkins v. Dodson, 159 Neb. 745, 68 N. W. 2d 508; Anania v. City of Omaha, 170 Neb. 160, 102 N. W. 2d 49; McDonald v. Rentfrow, 171 Neb. 479, 106 N. W. 2d 682; Languis v. DeBoer, 181 Neb. 32, 146 N. W. 2d 750.

Underlying the plaintiff's contention in this case is the assumption that the statute herein is open to construction and that we should reasonably interpret it to permit venue other than that provided in the statute. In turn, this argument leads to the inference that this court, in the determination of such venue may invoke its independent procedural rule-making power to create an additional permissible venue on appeal.

The first answer to this contention lies in the fundamental proposition that where a statute is plain, direct, and unambiguous the words therein must be given their ordinary meaning and courts have no right to read a different meaning into or out of the words of such a statute. In Bachus v. Swanson, 179 Neb. 1, 136 N. W. 2d 189, this court said: "The position seems to be that any statute passed by the Legislature should be open to construction as a matter of course, and that we should not only judicially construe it, but judicially rewrite it. A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833; Todd v. County of Box Butte, 169 Neb. 311, 99 N. W. 2d 245."

Second, a use of the procedural rule-making power of

this court is impermissible to accomplish the creation of additional venue.

The nature and limits of judicial power of this court under the Constitution are contained in Article V of the Constitution of the State of Nebraska. Article V, section 25, provides in part as follows: "For the effectual administration of justice and the prompt disposition of judicial proceedings, the supreme court may promulgate rules of practice and procedure for all courts, uniform as to each class of courts, *and not in conflict with laws governing such matters.*" (Emphasis supplied.) The proceedings of the Constitutional Convention of 1920 reveal an attempt to give to the court unrestricted procedural rule-making power which, in effect, the plaintiff contends for in this case. A portion of the history of this argument may be found in Volume II, Proceedings of the Constitutional Convention, pp. 2316 to 2323. The proposal was rejected and the restrictive provision was adopted and is now part of the organic law of the state. It therefore appears that the rule-making power of this court may not be invoked either expressly or by inference to accomplish, either by interpretation or addition, venue of this appeal in the district court for Lancaster County, Nebraska.

The judgment of the district court for Lancaster County dismissing the purported appeal in this case is correct and is affirmed.

AFFIRMED.

SMITH and McCOWN, JJ., dissenting.

Applicable statutes read: "The district courts shall have . . . appellate jurisdiction in all matters . . . , except where otherwise provided." § 24-302, R. R. S. 1943. "Any person . . . aggrieved . . . may appeal . . . to the district court of the county where the alleged events occurred for which he was arrested . . . ." § 39-727.11, R. R. S. 1943. The language may mean that venue is jurisdictional or that an appeal is only subject to a timely motion to transfer venue. Our choice should

depend not only on degree of statutory ambiguity but also on historical background and present utility of jurisdictional venue.

In the second half of the 12th century the Curia Regis, an itinerant English court, caused great inconvenience. To attend trial, parties and witnesses often traveled long distances under adverse conditions. In 1215, the Magna Charta required trials concerning three real property writs to be local. It also declared: "Common pleas shall not follow our court,, but shall be held in some fixed place." Blume, "Place of Trial in Civil Cases," 48 Mich. L. Rev. 1 (1949); 1 Holdsworth, A History of English Law, 34 (3d Ed., 1922).

In the United States early courts were organized along colonial lines modified by demands for decentralization. "In a country of long distances in a time of slow communication and expensive travel, central courts . . . of first instance involved an intolerable expense. There was an understandable tendency to set up a local court of general jurisdiction at every man's door." Pound, Organization of Courts, 91 (1940).

In Nebraska venue-process provisions for original actions in district court generally have fallen under the rubric "jurisdictional venue." See Coffman, "Jurisdiction or Venue?", 20 Minn. L. Rev. 617 (1936). A Nebraska decision concerning justices of the peace led former Commissioner Pound in 1906 to compose "The Causes of Popular Dissatisfaction with the Administration of Justice." Pound, *supra,* at p. 273. He spoke of problems nationwide: ". . . in two civil cases the question was whether the Circuit Court of Appeals was the proper tribunal . . . . All of this is sheer waste, which a modern judicial organization would obviate." 29 A.B.A. Rep. 395 at 411 (1906).

He later wrote: ". . . the controlling reason for a systematic and scientific adjective law must be to insure precision, uniformity and certainty in the judicial application of substantive law . . . . No appeal should be

dismissed . . . solely because . . . taken to the wrong court or wrong venue, but if there is one where it may be . . . prosecuted, it should be transferred . . . , all prior proceedings being saved." Pound, "Some Principles of Procedural Reform," 4 Ill. L. Rev. 388 and 491 at 497 (1910).

The statutes regulating plaintiff's appeal are ambiguous enough to be free of this antiquated burden. We would reverse the judgment.

The court may "certify to the Legislature, its conclusions as to desirable amendments or changes in the general laws governing such practice and proceedings." Art. V, § 25, Constitution of Nebraska. The majority opinion affirms the judgment without acknowledging the utter worthlessness of jurisdictional venue in practice. We hope that the lack of acknowledgment is not approval.

BOSLAUGH, J., dissenting.

The action should not be dismissed for lack of jurisdiction where the plaintiff has satisfied the requirements for a proceeding in error. See From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441.