LYLE A. LYDICK, APPELLEE, v. L. C. JOHNS, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEBRASKA, ET AL., APPELLANTS.

178 N. W. 2d 581

Filed July 2, 1970. No. 37590.

Clarence A. H. Meyer, Attorney General, Herbert T. White, and James J. Duggan, for appellants.

Joseph K. Meusey of Fraser, Stryker, Marshall & Veach, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and CHADDERDON, District Judge.

SPENCER, J.

This is an appeal in an implied consent proceeding, involving a question of jurisdiction. Appellee appealed from an order of the Director of Motor Vehicles of the State of Nebraska revoking his operator's license and privileges for failure to comply with the Nebraska Implied Consent Law.

The order was entered June 10, 1969. Appellee by letter postmarked June 27, 1969, but received by the director on June 30, 1969, give notice that he intended to appeal to the district court for Douglas County and enclosed a $200 surety bond.

The procedure for appeal from an order of revocation in an implied consent case is statutory. Section 39-727.11, R. R. S. 1943, so far as material herein, provides: "Any person who feels himself aggrieved because of such revocation may appeal therefrom to the district court of the county where the alleged events occurred for which he was arrested, in the manner prescribed in section 60-420."

Section 60-420, R. R. S. 1943, so far as material herein,

provides: "Any person who feels himself aggrieved because of any order of the director * * * may appeal therefrom to the district court of the county in which the application for the license was originally made or to the district court of the county wherein such person resides * * *. The * * * licensee * * * shall within twenty days from the date of the final order complained of, execute a bond for costs to the State of Nebraska in the sum of two hundred dollars with sufficient surety to be approved by the Auditor of Public Accounts. The bond shall be filed in the office of the director."

The bond in the instant case was filed with the director but was not approved by the Auditor of Public Accounts. The question involved is whether approval of a bond by the Auditor of Public Accounts within the time limited is a jurisdictional requirement.

The State filed a demurrer raising the jurisdictional question. The trial court overruled the demurrer and permitted the appellee to amend his bond. The State stood on its demurrer and perfected this appeal.

The language of the statute is clear. The bond filed must be approved by the Auditor of Public Accounts. To hold otherwise would constitute an amendment of the statute. We hold that the filing of an approved bond is a jurisdictional requirement. Its filing is a condition precedent to the initiation of the appellate process. In Peck v. Dunlevey, 184 Neb. 812, 172 N. W. 2d 613, we said: "The right of appeal in this state is clearly statutory and, unless the statute provides for an appeal from the decision of a quasi-judicial tribunal, such right does not exist. And if these statutes create such a right, the mode and manner of appeal is statutory and such jurisdiction can only be conferred in the manner provided by statute."

In Radil v. State, 182 Neb. 291, 154 N. W. 2d 466, where plaintiff in a condemnation action failed to serve a copy of the notice of appeal on the defendant, we said: "The right of appeal is statutory and the re-

quirements of the statute are mandatory and must be complied with before the appellate court acquires jurisdiction of the subject matter of the action. Brown v. City of Omaha, 179 Neb. 224, 137 N. W. 2d 814. It is fundamental that an appellate court cannot pass on the merits of a case falling within its appellate jurisdiction unless its jurisdiction is invoked in the manner prescribed by statute. Barney v. Platte Valley Public Power & Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120. In the instant case, the condemnee failed to serve a copy of the notice of appeal within the time fixed by section 76-715.01, R. R. S. 1943, a mandatory step to invoke the jurisdiction of the district court on appeal. The appeal to the district court was not taken in the manner provided by the statute and, consequently, the district court was without jurisdiction to hear the merits of the purported appeal."

In Reiber v. Harris, 179 Neb. 582, 139 N. W. 2d 353, appellant in an appeal to the district court from the order of a freeholder's board, filed a cash bond with the transcript of the proceedings. Section 23-135, R. R. S. 1943, required approval of the bond by the county clerk. The bond was not so approved. Appellant was not permitted to amend the bond, and a motion to dismiss was sustained. We there said: "The Legislature has prescribed the method by which an appeal from an order of a freeholder's board shall be perfected. Within 20 days after the action of the board has been entered upon the records of the board by the county clerk of the county in which the real estate is located, a notice of appeal must be served upon the county clerk and a bond must be executed and approved by the county clerk. These requirementas are mandatory and jurisdictional. Sommerville v. Board of Commissioners of Douglas County, 116 Neb. 282, 216 N. W. 815, affirmed on rehearing, 117 Neb. 507, 221 N. W. 433; Drier v. Knowles Vans, Inc., 144 Neb. 619, 14 N. W. 2d 222. If the bond is not submitted to the county clerk for approval within

the time required by statute, the appeal should be dismissed. County of Cedar v. McKinney Loan & Investment Co., 1 Neb. (Unoff.) 411, 95 N. W. 605."

Appellee relies on Ballantyne Co. v. City of Omaha, 173 Neb. 229, 113 N. W. 2d 486, in which we permitted the amendment of an appeal bond. That case is distinguishable from the instant one. There an approved bond was filed. It was the wording and amount of the bond which was questioned. Here the law requires the filing of an approved bond within 20 days. This we hold to be a condition precedent to the initiation of the appeal.

We reverse the judgment herein and dismiss the action.

REVERSED AND DISMISSED.

McCOWN, J., dissenting.

Some additional facts should be set out. The bond in this case was executed by the principal and by the Insurance Company of North America, as surety, and was dated three days prior to the expiration of the appeal time. The bond carried on the lower lefthand corner of its face, the following words: "Approved by State Auditor this ____ day of _____, 1969. _____ State Auditor."

On the final day for appeal, plaintiff's attorney called the Department of Motor Vehicles, identified himself, and asked if the bond in this case had been received, accepted, and filed. After checking the file, the employee advised the plaintiff's attorney that the bond had been filed and marked as filed on that day.

It should also be noted that it is undisputed that Insurance Company of North America was "sufficient surety to be approved by the Auditor of Public Accounts."

The trial court granted the oral motion of the plaintiff to amend the cost bond on December 1st. The only thing about the bond which needed amendment was the endorsement of the approval of the Auditor of Public Accounts.

The majority opinion holds that the language of the statute is so clear that, in the face of these facts, this court is required to hold that the approval of the Auditor of Public Accounts must be obtained by the plaintiff, and within the 20-day period for appeal, and that such approval within that time is a jurisdictional requirement precedent to initiation of the appellate process and cannot be amended thereafter.

That conclusion is not required by the statute. It continues a timeworn tendency of appellate courts to rely upon hypertechnical interpretation of appeal statutes to dispose of cases upon procedural grounds. This may be practical, but it is not equitable. Roscoe Pound commented acidly on this tendency of appellate courts more than once.

There is ample authority in this state to reach a different result. Section 25-852, R. R. S. 1943, provides, among other things, that: "* * * Whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." That section has been applied to an appeal bond. Ballantyne Co. v. City of Omaha, 173 Neb. 229, 113 N. W. 2d 486. This court specifically said in that case: "The term 'proceeding' as used in the statute includes filing of appeal bond, and the right to amend such bond is within the purview of the statute. See In re Estate of Kothe, 131 Neb. 780, 270 N. W. 117. In the cited case it was said: 'This court has frequently held that where a bond is given, even if defective, still the court has obtained jurisdiction, and that the proper procedure is for the adverse party to move to compel the appellant to give a proper bond in an amount and condition as required by law; * * *.' " See, also, In re Estate of Hoagland, 128 Neb. 219, 258 N. W. 538.

In State ex rel. Miller v. Cavett, 163 Neb. 584, 80 N. W. 2d 692, this court said with respect to an appeal bond which did not comply with the requirements of

the statute: "While the bond is irregular in form, it is sufficient to lodge jurisdiction of the case in district court. The irregularities of the bond are such that the trial court could properly require the filing of an amended bond to eliminate the irregularities found in the original. It is not an appeal bond which is so fallacious as to be no bond at all."

In the case relied on heavily in the majority opinion, Reiber v. Harris, 179 Neb. 582, 139 N. W. 2d 353, this court specifically said: "A bond which has been filed and approved within the time required by statute is subject to amendment if defective or invalid. * * * In these cases the record does not show that bonds were submitted to the county clerk for approval within the statutory time."

In Jacobitz v. Bussinger, 179 Neb. 524, 138 N. W. 2d 839, this court said as to an appeal bond: "Ordinarily an appellant is not a competent surety for himself, but a bond signed by a principal, who also signs as the only surety, while it may be insufficient or defective or invalid as a bond, is not void for the purpose of determining whether jurisdiction on appeal is acquired."

In State v. Kidder, 169 Neb. 181, 98 N. W. 2d 800, this court said: "We conclude that a defective appeal bond which has been approved by the court rendering the judgment confers jurisdiction on the appellate court to have the defect corrected, and the appellate court is required to permit amendments of the bond or order the filing of a new bond in the furtherance of justice. Where a failure to so do results in prejudice to the complaining party it constitutes prejudicial error. The discretion granted a court in permitting or denying amendments is a legal discretion which is subject to review to determine if its exercise resulted in prejudice to a litigant."

In the case at bar, the plaintiff delivered an appeal bond to the Director of Motor Vehicles in time and in complete and proper form and "with sufficient surety to be approved by the Auditor of Public Accounts." The

trial court in its discretion granted a motion to amend the appeal bond by showing the missing approval and overruled a demurrer based on the procedural jurisdictional grounds previously discussed. That discretion was properly exercised and should have been affirmed.

SMITH, J., joins in this dissent.