WILLIAM F. BLACK, APPELLANT, V. STATE OF NEBRASKA,
DEPARTMENT OF MOTOR VEHICLES, ET AL., APPELLEES.
358 N.W.2d 181

Filed November 2, 1984.   No. 83-546.

Kent E. Florom of Ruff & Florom, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee State.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from an implied consent proceeding which resulted in the revocation of the appellant's driver's license for 1 year. A jurisdictional question is raised due to the appellant's alleged failure to file, within the statutory period, an appropriate bond for costs. The record reveals the following sequence of events.

On January 10, 1983, the appellant, William F. Black, was stopped by Trooper S. L. Mueller of the Nebraska State Patrol. Because the trooper suspected Black was driving while under the influence of alcohol, he requested that Black submit to a body fluid test pursuant to the implied consent law. Neb. Rev. Stat. § 39-669.08 (Cum. Supp. 1982). The appellant refused. As a result of this refusal, a hearing was held before the director of the Department of Motor Vehicles. On April 13, 1983, the department issued an order revoking the appellant's driver's license for a period of 1 year from the date of the order. A copy of this order was sent to the appellant by certified mail, return receipt requested. According to the appellant, upon his receipt of the order he initiated procedures for an appeal as set forth in Neb. Rev. Stat. § 60-420 (Reissue 1978). The appellant's attorney forwarded a check drawn on the trust account of the attorney's firm for $200, made payable to the director of the department. On April 27, 1983, the department notified the appellant's attorney that it was returning the check "as the Department [could not] accept a cash bond; [and that] a surety bond . . . must be filed within 20 days after the revocation date." The appellant received this letter on April 28, 1983, and executed a surety bond that same day. According to the appellant, the bond was immediately forwarded to the department.

On May 2, 1983, the appellant filed a petition with the

district court for Lincoln County, alleging reasons why the order of the department was in error. On May 4, 1983, the surety bond executed by the defendant was received by the department and approved by the Auditor of Public Accounts.

On May 11 the department filed a motion to dismiss Black's appeal because no proper surety bond had been filed within 20 days of the order of revocation entered April 13, 1983, and therefore the district court did not have subject matter jurisdiction.

On appeal to this court Black contends that the district court erred in calculating the 20-day period for the filing of an appropriate appeal bond, erred in failing to hold that the first check drawn on the attorney's trust account was of sufficient surety, and erred in failing to grant the appellant an extension of time to file an acceptable bond. We find the appellant's contentions to be without merit.

Section 60-420 provides in part:

Any person who feels himself aggrieved because of any order of the director . . . may appeal therefrom to the district court . . . in manner following: The director shall reduce his ruling, order or decision to writing, file a copy of the same in his office, and shall furnish a copy thereof together with a statement of his reasons for his ruling to the applicant or licensee, as the case may be, upon request. The ruling, decision or order of the director in refusing to issue or reinstate such license or in suspending, canceling or revoking the same shall be as final and binding as the final order or judgment of a court of general jurisdiction. *The applicant*, licensee or appellant *shall within twenty days from the date of the final order complained of*, execute a *bond for costs* to the State of Nebraska in the sum of two hundred dollars *with sufficient surety to be approved by the Auditor of Public Accounts*. The bond shall be filed in the office of the director. . . . Applicant or licensee shall file his petition in such district court within thirty days from the date of filing of the director's final order in the matter, and he shall file such transcript before answer day which shall be the same as provided under the code of civil procedure in section 25-821.

(Emphasis supplied.)

The foregoing section, when read together with Neb. Rev. Stat. § 25-2221 (Reissue 1979), allowed the appellant 20 days from Wednesday, April 13, or until Tuesday, May 3, in which to file an appropriate bond. The appellant asserts that the first check, which was drawn on the attorney's trust account, should have been accepted by the department as being in compliance with § 60-420. The appellant contends that the check was of sufficient surety to be approved, and adds that by endorsing such a check the attorney places himself in the position of a surety for the payment of such a check.

The appellant, however, has apparently overlooked Neb. Rev. Stat. § 11-123 (Reissue 1983), which sets forth the type of surety necessary whenever a bond is required by law. As the check was not "executed or guaranteed solely by a corporation duly organized and existing under the laws of this state, or of any state of the United States," it was not of sufficient surety as defined by § 11-123.

The second bond executed by the appellant on April 28 was of sufficient surety. However, this bond was not received by the department until 21 days after the issuance of the department's order. It is the appellant's duty to see that the bond executed on April 28 was delivered to the proper official within the time provided by law. The appellant made no showing that the surety bond was delivered to the proper official within the time provided by law or that any delay in the receipt, performance, or recording of the bond was the fault of the department. See *Jacobitz v. Bussinger*, 179 Neb. 524, 138 N.W.2d 839 (1965).

This court has previously discussed the requirements for an appeal under § 60-420. See, e.g., *Lydick v. Johns*, 185 Neb. 717, 178 N.W.2d 581 (1970); *Buettner v. Sullivan*, 191 Neb. 592, 216 N.W.2d 872 (1974).

In *Lydick* we addressed an appeal in an implied consent proceeding involving a question of jurisdiction. We stated that the language of § 60-420 was clear, and held that "the filing of an approved bond is a jurisdictional requirement. Its filing is a condition precedent to the initiation of the appellate process." *Lydick, supra* at 719, 178 N.W.2d at 582.

Section 60-420 clearly states that a bond with sufficient

surety must be filed in the office of the director of the Department of Motor Vehicles within 20 days. In the instant case the bond was not filed with the director within 20 days as required. Therefore, we find that the district court properly dismissed the appellant's petition for lack of subject matter jurisdiction. The right of appeal in this case is clearly statutory, and the requirements of the statute are mandatory and must be met before the district court can acquire subject matter jurisdiction. *Lydick v. Johns, supra; Brown v. City of Omaha*, 179 Neb. 224, 137 N.W.2d 814 (1965).

Finally, the appellant contends that he should have been permitted an extension of time in which to file a bond with sufficient surety. "A bond which has been filed and approved within the time required by statute is subject to amendment if defective or invalid." *Reiber v. Harris*, 179 Neb. 582, 586, 139 N.W.2d 353, 355-56 (1966). The bond in this case, as previously stated, was not filed within the statutorily prescribed time limit, and therefore an amendment would have been inappropriate. *Reiber, supra.*

When a provision of a statute such as § 60-420 is plain and unambiguous on its face, this court must apply the provision as written. *State v. Havorka, ante* p. 367, 355 N.W.2d 343 (1984).

AFFIRMED.