HENRY J. BUETTNER, APPELLANT, V. JOHN L. SULLIVAN, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, ET. AL., APPELLEES.

216 N. W. 2d 872

Filed April 4, 1974. No. 39239.

Oliverius & Dugan, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and HASTINGS, District Judge.

HASTINGS, District Judge.

Plaintiff appealed to the District Court from proceedings had before the Department of Motor Vehicles, State of Nebraska, relating to the point system as set out in sections 39-794 to 39-796, R. S. Supp., 1972, and section 39-7,129, R. R. S. 1943. The trial court sustained defendants' motion to dismiss the appeal for the reason that no bond was filed within 20 days of the order of revocation entered on January 29, 1973, by the defend-

ant John L. Sullivan, Director of said Department of Motor Vehicles, and plaintiff has appealed to this court.

On January 22, 1973, plaintiff paid a fine of $20 and costs for a speeding violation to which he had entered a plea of guilty the previous ·June in the justice of the peace court of the City of Columbus, following which an abstract of conviction report was furnished to the Department of Motor Vehicles. The plaintiff now having acquired 12 or more points in a 2-year period, under the requirements of section 39-7,129, R. R. S. 1943, the defendant Sullivan, by order dated January 29, 1973, revoked his driving privileges for 1 year. Upon receipt of this order of revocation, plaintiff went to the former justice of the peace, now an associate county judge, who then issued an abstract of conviction report covering the same offense, but which now provided for 90 days probation instead of the original fine which had been paid. This latter abstract of conviction report was delivered to the Department of Motor Vehicles which prompted a letter from the defendant W. C. Peterson, supervisor; financial responsibility and driver records, directed to plaintiff and dated February 1, 1973, which stated in part as follows:

"This letter to (sic) ·to· notify you that your Order of Revocation dated January 29, 1973 for a period of one year (#A23-3319) is in effect.

"The matter of a probation ·and the amended abstract that you presented to me on Wednesday, January ·31st has been viewed as invalid by the Director of our Department after consultation with the State's Court Administrator and the Attorney General's office."

On February 17, 1973, plaintiff's attorney wrote to the Department of Motor Vehicles in part as ·follows:

"On January 29, 1973 the Director of the Department of Motor Vehicles revoked the driving privileges of the above mentioned driver. Mr. Buettner has asked this office to represent him in this matter.

"Please be advised that Mr. Buettner desires to appeal the revocation to the District Court of Boone County."

A proper bond as required by section 60-420, R. R. S. 1943, was filed on February 21, 1973. Plaintiff's petition filed in District Court ". . . prays . . . an Order be entered upholding the validity of the 'Abstract for Conviction Report' dated January 31, 1973, and ordering the Director of the Department of Motor Vehicles to cancel and revoke his Order of January 29, 1973 . . . ."

All the foregoing information was gleaned from the transcript as there was no bill of exceptions.

Section 39-7,129, R. R. S. 1943, requires the Director of Motor Vehicles to revoke for a 1-year period the driving privileges of any person who shall have accumulated 12 or more points within any 2-year period as reflected by abstracts of conviction for violation of traffic offenses which have been forwarded to him as provided for by sections 39-794 and 39-795, R. S. Supp., 1972. This was the authority under which the defendant Sullivan acted in issuing the order of January 29th.

Section 39-7,130, R. R. S. 1943, provides in part as follows: "Any person, who feels himself aggrieved because of such revocation, may appeal therefrom to the district court of the county wherein such person resides . . . in the manner prescribed in section 60-420." Section 60-420, R. R. S. 1943, provides in part as follows: "Any person who feels himself aggrieved because of any order of the director on account of his refusal to issue any license contemplated under sections 60-418 and 60-419, may appeal therefrom to the district court of the county . . . wherein such person resides, in the manner following: . . . The applicant, licensee or appellant shall within twenty days from the date of the final order complained of, execute a bond for costs to the State of Nebraska in the sum of two hundred dollars with sufficient surety to be approved by the Auditor of Public

Accounts. The bond shall be filed in the office of the director."

The bond in this case was filed 23 days after the January 29th order of revocation and was therefore out of time. Lydick v. Johns, 185 Neb. 717, 178 N. W. 2d 581, an appeal in an implied consent proceeding, found the appellant without any approved bond within the time required by law. In ruling that this was a jurisdictional defect requiring dismissal of the appeal by the District Court, this court said: "The language of the statute is clear. The bond filed must be approved by the Auditor of Public Accounts. To hold otherwise would constitute an amendment of the statute. We hold that the filing of an approved bond is a jurisdictional requirement. Its filing is a condition precedent to the initiation of the appellate process." Plaintiff agrees with this conclusion both in his oral argument and on page 9 of his brief where after stating that if he had elected to appeal from such order of January 29th he goes on to say: ". . . the defendant would be correct in his contention that the bond for costs . . . was not timely filed. . . . nowhere on the record is there any indication that the plaintiff has ever questioned the validity of the action which the defendant took on January 29, 1973. On that day, . . . the defendant revoked the plaintiff's driver's license as he was required by statute to do."

However, plaintiff contends that defendant Peterson's letter of February 1, 1973, notifying plaintiff that the order of revocation "is in effect" and viewing as invalid the "matter of probation and the amended abstract" was a final appealable order within the meaning of the language in section 60-420, R. R. S. 1943, which he sets out in his brief as " 'Any person who feels himself aggrieved because of any order of the director . . . may appeal therefrom to the district court. . . .' " Very importantly, however, the first ellipsis replaces the

language "on account of his refusal to issue any license contemplated under sections 60-418 and 60-419." found in the section of the statute cited. Section 60-418, R. R. S. 1943, makes reference to licenses suspended as provided in "this act" which refers to sections 60-401 to 60-440, R. R. S. 1943, and which have nothing to do with point revocations. Section 60-419, R. S. Supp., 1972, refers to the revocation and reissuance of the licenses of those committed or incarcerated in various state institutions. Therefore, the remaining matter that can be appealed under the provisions of section 60-420, R. R. S. 1943, is an order of revocation as provided for in section 39-7,130, R. R. S. 1943. Certainly defendant Peterson's letter of February 1, 1973, was not an order of revocation and the only such order ever entered in this case was the one dated January 29, 1973, from which no timely appeal was perfected. The District Court was correct in dismissing plaintiff's appeal and its judgment is affirmed.

AFFIRMED.