Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/03/2017 09:08 AM CST

Joel D. Woodward, appellant, v.
Rhonda K. Lahm, director,
Nebraska Department of
Motor Vehicles, appellee.
___ N.W.2d ___

Filed February 3, 2017.    No. S-15-928.

1. **Jurisdiction: Judgments: Appeal and Error.** Determination of a juris-
   dictional issue which does not involve a factual dispute is a matter of
   law which requires an appellate court to reach its conclusions indepen-
   dent from a trial court.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of
   law that an appellate court resolves independently of the trial court.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
   presented for review, it is the duty of an appellate court to determine
   whether it has jurisdiction over the matter before it.
4. ____: ____. When a lower court does not have jurisdiction over the case
   before it, an appellate court also lacks jurisdiction to review the merits
   of the claim.

Appeal from the District Court for Buffalo County: John P.
Icenogle, Judge. Appeal dismissed.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson,
P.C., for appellant.

Douglas J. Peterson, Attorney General, and Milissa D.
Johnson-Wiles for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy,
Kelch, and Funke, JJ.

Stacy, J.

## SUMMARY

Joel D. Woodward asked the director of the Nebraska Department of Motor Vehicles (DMV) to reinstate his commercial driver's license (CDL). The director refused, and Woodward filed an appeal pursuant to Neb. Rev. Stat. § 60-4,105 (Reissue 2010). The district court dismissed the appeal on several grounds, including that it lacked subject matter jurisdiction because the appeal was not from a "final decision or order."[1] We agree with the district court and dismiss the appeal for lack of jurisdiction.

## FACTS

In 2010, Woodward was convicted of driving under the influence (DUI) and sentenced to probation. He was convicted of DUI a second time in 2013, and again was sentenced to probation.

After Woodward's second DUI, the DMV issued an order revoking his CDL for life. The lifetime revocation was imposed pursuant to Neb. Rev. Stat. §§ 60-4,168(3)(a) (Cum. Supp. 2012) and 60-4,169 (Reissue 2010). Section 60-4,169 requires the director to "summarily revoke . . . the [CDL] and privilege . . . to operate a commercial motor vehicle" whenever it comes to the director's attention that the person has "committed an offense for which disqualification is required." Section 60-4,168(3) provides: "A person shall be disqualified from driving a commercial motor vehicle for life if . . . he or she: (a) Is convicted of . . . a second or subsequent violation of any of the offenses described in subsection (1) . . . ." DUI is among the offenses listed in subsection (1). One may appeal from a lifetime revocation,[2] but Woodward did not do so.

After Woodward completed both terms of probation, he filed motions asking the sentencing court to set aside both DUI

---

[1] See § 60-4,105.

[2] See *id.*

convictions pursuant to Neb. Rev. Stat. § 29-2264 (Reissue 2016). Section 29-2264 allows a sentencing court to set aside a conviction if it finds doing so is in the best interest of the offender and consistent with the public welfare. Section 29-2264(4) provides that an order setting aside a conviction shall: "(a) Nullify the conviction; and (b) Remove all civil disabilities and disqualifications imposed as a result of the conviction." The sentencing court set aside both DUI convictions in separate orders entered January 8, 2015.

On March 30, 2015, Woodward's attorney wrote a letter to the director of the DMV, advising that Woodward's DUI convictions had been set aside and asking either that his CDL be "reinstated" or that he be deemed eligible to reapply for a CDL. Woodward explained the basis for his request as follows:

Woodward's position is that if a conviction is set aside and nullified and that all civil disabilities and disqualifications resulting from the conviction are removed, that conviction cannot be counted for purposes of a life time disqualification [under § 60-4,168]. The Director's action in entering the life time disqualification of . . . Woodward's CDL is of course a civil action. Thus, at this time, [Woodward] has only a single [administrative] adjudication which will affect his [CDL] which was the refusal [of a chemical test] adjudication on November 30, 2010. [Woodward] should be eligible for reinstatement.

In a letter dated April 10, 2015, the director responded:

The lifetime CDL disqualification is based on valid convictions for offenses as provided in Neb.Rev.Stat. [§] 60-4,168, and 49 CFR 383.51 which has been adopted by Nebraska pursuant to Neb.Rev.Stat. [§] 60-462.01. These are laws with specific application to CDL holders and which require the state to disqualify CDL holders with a history of unsafe driving demonstrated by convictions for the offenses enumerated in the statute. Nothing

in the applicable laws allows the state to lift a CDL dis-
qualification imposed as a result of valid convictions even
if the conviction is [s]et [a]side. . . . Woodward's lifetime
CDL disqualification will not be removed.

On May 6, 2015, Woodward filed what he captioned a
"Petition on Appeal" in the district court for Buffalo County,
seeking to appeal from the director's April 10 letter. Woodward
asserts the appeal was authorized by § 60-4,105, which sets
forth the appeal procedure for "any person aggrieved by a
final decision or order of the director or the [DMV] to cancel,
suspend, revoke, or refuse to issue or renew any operator's
license." Woodward's petition alleged he was eligible for rein-
statement of his CDL because his DUI convictions had been set
aside, and further alleged the director had denied his request
for reinstatement in the April 10 letter, a copy of which was
attached to the petition.

The DMV filed a timely answer generally denying the alle-
gations of Woodward's petition and raising the affirmative
defense that the district court lacked subject matter jurisdiction
over the appeal and that Woodward's petition failed to state a
claim upon which relief could be granted.

After a hearing, the district court dismissed Woodward's
petition. The court generally agreed with the DMV's argument
that the director's letter did not constitute a "final decision or
order" under § 60-4,105, and the court concluded the petition
failed to allege facts establishing subject matter jurisdiction
over the appeal. The court also agreed with the DMV's posi-
tion that Woodward's petition was seeking declaratory relief
and was barred by the doctrine of sovereign immunity. Finally,
the court agreed with the DMV that the director's letter, if
considered appealable, was substantively correct, because any
removal of civil disabilities Woodward was entitled to as a
result of having the DUI convictions set aside would be pro-
spective only, not retrospective.

Woodward timely appealed the order of dismissal. We
moved this case to our docket on our own motion pursuant to

our statutory authority to regulate the caseloads of the appellate
courts of this state.[3]

## ASSIGNMENTS OF ERROR

Woodward assigns that the district court erred in (1) fail-
ing to set aside the lifetime disqualification and revocation of
his CDL, (2) failing to enter an order requiring the director to
reissue his CDL, (3) finding it did not have jurisdiction over
his appeal, (4) finding his appeal was barred by the doctrine of
sovereign immunity, and (5) finding the appeal was not taken
from a final order.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not
involve a factual dispute is a matter of law which requires an
appellate court to reach its conclusions independent from a
trial court.[4]

[2] Statutory interpretation is a question of law that an
appellate court resolves independently of the trial court.[5]

## ANALYSIS

[3] Before reaching the legal issues presented for review, it
is the duty of an appellate court to determine whether it has
jurisdiction over the matter before it.[6]

Section 60-4,105(1) provides for appeals from certain orders
of the DMV:

[A]ny person aggrieved by a final decision or order of
the director or the [DMV] to cancel, suspend, revoke, or
refuse to issue or renew any operator's license . . . may

---

[3] Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[4] *Brook Valley Ltd. Part. v. Mutual of Omaha Bank*, 281 Neb. 455, 797
N.W.2d 748 (2011); *Kroll v. Department of Motor Vehicles*, 256 Neb. 548,
590 N.W.2d 861 (1999).

[5] *Klug v. Nebraska Dept. of Motor Vehicles*, 291 Neb. 235, 864 N.W.2d 676
(2015).

[6] *Kroll v. Department of Motor Vehicles, supra* note 4.

appeal to either the district court of the county in which the person originally applied for the license or the district court of the county in which such person resides or, in the case of a nonresident, to the district court of Lancaster County within thirty days after the date of the final decision or order.

Woodward appealed from the letter dated April 10, 2015. To determine whether his appeal is authorized by § 60-4,105, we must decide if he has appealed from a "final decision or order" of the DMV to "cancel, suspend, revoke, or refuse to issue or renew" his CDL.

The Legislature has not defined a "final decision or order" for purposes of § 60-4,105 beyond specifying that it must "cancel, suspend, revoke, or refuse to issue or renew" an operator's license. However, in *Buettner v. Sullivan*,[7] we held that a letter from the DMV referencing a prior revocation is not a final decision or order from which appeal can be taken. In that case, a driver was notified his operator's license had been revoked for a period of 1 year because he accumulated too many points. The driver's most recent offense was a speeding violation. He originally paid a fine for this violation, but after receiving notification that his license had been revoked, he approached a justice of the peace and somehow obtained an amended abstract of conviction indicating he was given 90 days of probation for the speeding offense instead of the fine. The driver then submitted the amended abstract to the DMV. The DMV responded with a letter notifying the driver that the previously ordered revocation was still "'in effect,'" explaining: "'The matter of a probation and the amended abstract that you presented . . . ha[ve] been viewed as invalid by the Director of our Department after consultation with the State's Court Administrator and the Attorney General's office.'"[8]

---

[7] *Buettner v. Sullivan*, 191 Neb. 592, 216 N.W.2d 872 (1974).

[8] *Id*. at 593, 216 N.W.2d at 874.

The driver attempted to appeal from this letter under Neb. Rev. Stat. § 60-420 (1943), a predecessor to § 60-4,105. At that time, § 60-420 provided: "'Any person who feels himself aggrieved because of any order of the director on account of his refusal to issue any license contemplated under sections 60-418 and 60-419, may appeal therefrom to the district court . . . .'"[9] The procedure under § 60-420 required the appellant to file a $200 cost bond within 20 days of the order from which appeal was being taken, a requirement we held was jurisdictional.[10] The driver did not file his bond until 23 days after the order of revocation, so he argued the appeal was not from the order of revocation, but, rather, from the DMV's letter notifying him the revocation was still in effect. We held the DMV's letter was not an appealable order within the meaning of § 60-420, and concluded the district court correctly dismissed the appeal for lack of jurisdiction.

In *Kroll v. Department of Motor Vehicles*,[11] we again considered whether a driver could appeal from a letter sent by the DMV. The driver received a letter from the DMV notifying him that because his Georgia operator's license had been revoked or suspended, his recently issued Nebraska operator's license would be summarily revoked if he did not take certain action by a specified date. The driver filed an appeal from this letter in the district court pursuant to § 60-4,105. The district court entered an order affirming the DMV's action. The driver appealed, and we dismissed the appeal for lack of jurisdiction. We concluded the letter from the DMV was not "a formal, final action by the Department,"[12] but instead was conditional and contemplated further action by the parties. We reasoned that because "there was no final, appealable

---

[9] *Id.* at 594, 216 N.W.2d at 874, quoting § 60-420.

[10] *Buettner, supra* note 7.

[11] *Kroll v. Department of Motor Vehicles, supra* note 4.

[12] *Id.* at 552, 590 N.W.2d at 863.

administrative order, the district court never acquired [subject matter] jurisdiction" under § 60-4,105.[13]

Like the letters in *Buettner* and *Kroll*, the DMV's April 10, 2015, letter to Woodward was not a "final decision or order" for purposes of § 60-4,105. The letter did not affect or change the status of Woodward's operator's license, but instead merely explained the DMV's position that the applicable laws did not permit it to either remove Woodward's lifetime CDL disqualification or permit reinstatement of his CDL. Even if the letter could fairly be characterized as a "final decision" of the director or the DMV in that regard, it was not one which pertained to "cancel[ing], suspend[ing], revok[ing], or refus[ing] to issue or renew" any operator's license.[14] Rather, the April 10 letter pertained to the reinstatement of a lifetime revocation or disqualification, and that is not one of the decisions from which the Legislature has authorized an appeal under § 60-4,105.

[4] Here, the district court correctly concluded it lacked subject matter jurisdiction over Woodward's appeal under § 60-4,105 and dismissed the appeal. When a lower court does not have jurisdiction over the case before it, an appellate court also lacks jurisdiction to review the merits of the claim.[15] And, because we lack jurisdiction over the appeal, we do not reach the merits of the alternative grounds on which the district court dismissed the appeal.

## CONCLUSION

The letter from which Woodward appeals is not a "final decision or order" of the director or the DMV under § 60-4,105. The district court correctly dismissed the appeal for lack of subject matter jurisdiction, and we dismiss the appeal for the same reason.

APPEAL DISMISSED.

---

[13] *Id.*

[14] See § 60-4,105.

[15] *Kroll v. Department of Motor Vehicles, supra* note 4.