Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/08/2022 09:08 AM CDT

State of Nebraska, appellee, v.
Mark A. Brunsen, appellant.

___ N.W.2d ___

Filed April 15, 2022.    No. S-21-354.

1. **Convictions: Appeal and Error.** An appellate court reviews decisions of whether to set aside an eligible conviction under Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2020) for an abuse of discretion.

2. **Convictions: Courts: Public Health and Welfare.** Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2020) allows a sentencing court to set aside an eligible conviction if it finds doing so is in the "best interest" of the offender and consistent with the public welfare.

3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

4. **Judges.** The proper administration of the law demands not only that judges refrain from actual bias, but that they avoid all appearances of unfairness.

5. **Judges: Recusal.** A judge should recuse himself or herself when a litigant demonstrates that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown.

6. **Judges: Appeal and Error.** A trial judge on occasion will misspeak, and every ill-advised word will not be the basis for reversible error.

7. **Judges: Recusal: Waiver.** Failing to request a judge's recusal when aware for an adequate period of time of the court's conduct or beliefs forming the alleged basis for the recusal operates as a waiver of that right.

8. **Judges: Recusal: Time.** The issue of judicial disqualification is timely if submitted at the earliest practicable opportunity after the disqualifying facts are discovered.

9. **Courts: Convictions.** The statutory mandate of Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2020) that the court consider "[a]ny other information the court considers relevant" does not empower the court to rest its decision on irrelevant or erroneous facts or misperceptions of the law.

10. **Courts: Convictions: Prosecuting Attorneys.** The court may, in its discretion, give weight to the county attorney's recommendation with respect to a petition under Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2020), but it is not obliged to do so.

11. **Statutes: Appeal and Error.** An appellate court gives statutory language its plain and ordinary meaning and will not read into a statute a meaning that is not there.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Kevin Ruser and Ryan P. Sullivan, of University of Nebraska Civil Clinical Law Program, and Jayden Barth and Rachel T. Dick, Senior Certified Law Students, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ., and Meismer, District Judge.

Freudenberg, J.

## I. INTRODUCTION

This case presents an appeal from the denial of a petition to set aside a conviction pursuant to Neb. Rev. Stat. § 29-2264 (Cum. Supp. 2020). The petitioner, with the assistance of a publicly funded pro bono program at the University of Nebraska College of Law, has been pursuing set asides of several eligible convictions. All preceding petitions had been successful, and the State supported the present set aside request.

The district court expressed concern at the hearing regarding a recent weapons conviction. It also voiced certain misunderstandings, corrected by the State, about the effects of

setting aside convictions and whether other judges had fully reviewed the petitioner's criminal record. The court hypothesized that as a result of the petitioner's crimes being set aside, he could, ultimately, commit a future act of domestic terrorism and the media would direct blame upon the courts for having simply "signed off" on the process. The court also questioned whether the petitioner's representation by a publicly funded educational program was a good use of taxpayer money. The petitioner asserts the court's ruling was based upon untenable and unreasonable reasoning and impermissible bias and, thus, was an abuse of discretion.

## II. BACKGROUND

Mark A. Brunsen appeals from the denial of his motion to set aside, pursuant to § 29-2264, his 1988 conviction of the Class I misdemeanor of theft by receiving a stolen item, $100 to $300. He was sentenced to 4 months in jail, which he served.

### 1. Prior History and Behavior
### After Sentencing

At the hearing, Brunsen's attorney, from the civil clinic at the University of Nebraska College of Law, pointed out that Brunsen, who was then 51 years of age, has, since a conviction in 2017, committed no crimes other than minor traffic offenses. Brunsen had "turned [his] life around," is gainfully employed, and is involved with the local community through volunteering.

Brunsen works as a truckdriver and has, for the past 2 years, been employed as an owner/operator leased to a transportation company. He was trying to set aside all eligible prior convictions in order to obtain a transportation worker card, or "TWIC card," issued by the "TSA and Homeland Security," which would allow him to take shipping containers in and out of railyards. He also wished to obtain a "HazMat Safety Permit [which] would allow him to haul for local co-ops."

Brunsen testified that the conviction he was seeking to set aside arose from him being "one of the individuals in a stolen car." Brunsen felt "[a]shamed, terrible" about that conviction and was "hanging with the wrong people." He acknowledged a number of "run-ins with the law" from his "teen years through [his] 30s." He regretted doing "any of those things back then" and wished he "would have got straightened out sooner."

Brunsen explained that he was seeking to set aside the 1988 conviction "to continue on the successful path that I've gotten on now and be judged on my character and my merits instead of my past criminal history and offenses." He said, "I'm not trying to erase my prior mistakes, but I'm — I don't want to be defined by them."

Brunsen's criminal history, entered into evidence at the hearing, shows numerous prior convictions, beginning when he was a teenager. These generally involved nonviolent misdemeanor crimes of dishonesty and continued largely unabated until Brunsen approached his forties. In addition to the 1988 conviction, Brunsen's record contains the following convictions in Nebraska, excluding minor traffic infractions. Brunsen's criminal record reflects that several of these convictions were set aside in 2020.

(a) 1980s

In 1986, Brunsen was found guilty of backing against traffic and leaving the scene of a property damage accident. In 1987, he was found guilty of being a minor in possession of liquor and of stealing money or goods less than $300. In 1988, he was found guilty of two counts of stealing money or goods less than $300. He was also found guilty of making a false statement, liquor consumption in a prohibited place, and minor in possession of liquor. In 1989, Brunsen was convicted of felony forgery in the second degree, misdemeanor theft by unlawful taking, failure to appear on a citation, and three counts of stealing money or goods less than $300.

### (b) 1990s

In 1990, Brunsen was convicted of making a false statement. In 1991, he was found guilty of unlawful possession or consumption of alcohol by a minor and making a false statement. He was also convicted of making a false statement to a police officer and of possessing, selling, or discharging an unlawful firearm. In 1992, Brunsen was convicted of two counts of theft by unlawful taking. In 1993, Brunsen had misdemeanor convictions of insufficient funds check under $100, stealing money or goods less than $500, and failing to appear in court. In 1994, he was convicted of attempting a Class III or IIIA felony, failure to appear, and of an insufficient funds check under $100. In 1995, Brunsen was convicted of issuing a bad check of less than $100, driving during suspension, possessing stolen property, possessing drug paraphernalia, and failure to appear in court.

In 1996, Brunsen was convicted of operating a motor vehicle without a license, negligent driving, and failure to appear in court. In 1997, he was convicted of injuring or destroying property of another and negligent driving. In 1998, Brunsen was convicted of false reporting, selling alcohol to a minor, shoplifting, fraudulently obtaining property under $100, and failure to appear. He was convicted in 1999 of violating probation, having fictitious plates/unlawful display, and no valid registration.

### (c) 2000 to 2012

Brunsen had misdemeanor convictions in 2000 of shoplifting, fraudulently obtaining property under $100, issuing a bad check for less than $100, stealing money or goods less than $300, failure to appear, and attempt of a Class IV felony. He had misdemeanor convictions in 2001 of issuing a bad check for less than $100, possessing drug paraphernalia, and operating a motor vehicle with a suspended license. In 2002, Brunsen was convicted of driving during revocation, stealing money or goods less than $300, and no proof of insurance. In 2003,

Brunsen was convicted of stealing money or goods less than $500 and failure to appear in court. In 2004, he was convicted of having fictitious plates/unlawful display. In 2008, he was found guilty of driving under the influence, first offense, and failing to appear in court. In Colorado, Brunsen was convicted in 2012 of theft under $500.

### (d) 2017 Conviction

The most recent conviction, in 2017, was for attempted possession of a deadly weapon by a prohibited person. Brunsen was sentenced to 12 months' probation.

Brunsen testified at the hearing that the plea-based 2017 conviction stemmed from his staying in a bedroom at his father's house in 2016. Brunsen's brother owned a decorative knife that the brother had hung on the wall of the bedroom. Brunsen was using another knife, his own, to secure the bedroom door that could not have a lock mounted in it. The weapons were discovered during a drug raid served on the house.

Brunsen asserted that he did not know the knives were considered deadly weapons and prohibited. His counsel explained that when Brunsen was convicted of the underlying felony conviction, they were not. Brunsen described that "[i]t was ignorant on my part," he "should have been smarter and known about that," "[i]t was completely my fault. I — I should have known better," and he regretted it.

### 2. Discussion at Hearing

The State supported setting aside the 1988 conviction, explaining:

> Judge, in consideration of the statutory factors, the testimony of . . . Brunsen, the passage of the period of time between the subject offense and today's date, as well as the passage of time of law abiding conduct, the State believes that the set aside should be granted and that . . . Brunsen should be granted the relief sought. State has no objection to the Court ordering that relief.

Brunsen's counsel argued Brunsen was a good candidate for set aside because he was "owning up" to his mistakes. But the court responded, "Do you not agree that accepting responsibility would also be accepting the consequences of the life you've led to this point?"

When Brunsen's counsel suggested that the most recent 2017 conviction was a "blip" of being "caught in a house that had a couple knives," the court responded that Brunsen was caught in a "house that was being raided for drugs."

### (a) Other Set Asides, Legal Effect of Set Asides, and Possible Future Bombing and Bad Publicity

The court expressed concern that if it granted the set aside, Brunsen's record would be "wiped clean," and that employers checking his criminal history would no longer see the crime. The court then summarized its apprehensions about whether Brunsen was "a good person to take a risk on," in light of Brunsen's ambitions as a truckdriver and the court's perception that other judges had "just signed off" on setting aside Brunsen's other convictions:

See, because here's what I think: I go ahead and I set this aside and then let's say, God forbid, . . . Brunsen goes out and does something really stupid. And then, you know, the Journal Star picks up the story and decides, well, geez, this guy, he went to court and he had all these several things set aside, including felony convictions. And, guess what, no judge even looked at the evidence, they just signed off on it, because the County Attorney's Office signed off on it. I mean this — these are the kinds of things that play around in my head.

And he's a — you know, he's got a CDL. He's a truck driver. He's an owner/operator. He wants to be able to transport hazardous materials. I mean these things are like running through my head here, you know, the kinds of things that, you know, maybe ended up down in Oklahoma City, you know, not too many years ago, when

I was still a child. You know, these are the things that kind of run through my head, and I think, is this really, you know, a good person to take a risk on. Those are the things the Court has to consider, by State law. The Court has to consider those things.

And it appears to me like I'm the only Court that has even seen this evidence. And so it kind of lands in my lap.

In response, the State clarified that in all the other cases setting aside Brunsen's eligible prior convictions, the courts had before them the "JUSTICE entries," Brunsen's criminal history, and the factual basis for the convictions sought to be set aside. In at least one case where the court set aside a conviction, there was a hearing where Brunsen testified and the court was presented with very similar evidence to that presented in the current hearing.

The State also clarified the legal and practical effect of the set aside, if granted. It explained that Brunsen's criminal record would still reflect the prior conviction, but that it was set aside, and employers would be able to see everything associated with the conviction.

The court did not expressly indicate during the hearing whether it accepted these clarifications, but it made no further legal assertions indicating disregard for such clarifications.

### (b) Alleged Commentary on "Clean Slate Program"

During the course of the hearing, Brunsen's counsel noted that of the approximately 200 clients he had worked with through the "Clean Slate Program," Brunsen was one of the best candidates for setting aside prior convictions. This led to the court's inquiring about the program, which counsel explained usually involved referrals from veterans organizations and vocational rehabilitation counselors to work with prior criminals to rehabilitate their records, through the "mechanisms that our Legislature has given" in order to "incentivize people to stay on the right path and to reduce recidivism."

Brunsen's counsel, in arguing for set aside, pointed out it had been 32 years since the crime in question. The court pointed out that Brunsen has had a lot of convictions since the crime he was seeking to set aside. Counsel responded he did not disagree. The court then said, "And this is — this is how we're spending our tax dollars in education, as well." When Brunsen's counsel responded with his belief these were tax dollars "really well spent," the court interjected that "reasonable minds could differ."

### 3. Court's Order

The court did not pronounce its decision at the hearing. Four days after the hearing, the court issued its written disposition. The court's order stated simply, "The Court, being fully advised in the premises, now finds that the requested relief should be and hereby is denied."

Thus, it overruled Brunsen's motion to set aside his 1988 conviction. The court did not make any explicit findings of fact or articulate its reasoning in the order.

## III. ASSIGNMENT OF ERROR

Brunsen assigns that the district court abused its discretion by refusing to grant his petition to set aside his conviction.

## IV. STANDARD OF REVIEW

[1] An appellate court reviews decisions of whether to set aside an eligible conviction under § 29-2264 for an abuse of discretion.[1]

## V. ANALYSIS

[2] Section 29-2264 allows a sentencing court to set aside an eligible conviction if it finds doing so is in the "best interest" of the offender and consistent with the public welfare.[2] Subsection (4) of § 29-2264 sets forth that in determining whether to set aside the conviction, the court "shall

---

[1] See *State v. Kudlacz*, 288 Neb. 656, 850 N.W.2d 755 (2014).

[2] See *Woodward v. Lahm*, 295 Neb. 698, 890 N.W.2d 493 (2017).

consider" (a) the behavior of the offender after sentencing; (b) the likelihood that the offender will not engage in further criminal activity; and (c) any other information the court considers relevant. Subsection (5) of § 29-2264 states that "[t]he court may grant the offender's petition and issue an order setting aside the conviction when in the opinion of the court the order will be in the best interest of the offender and consistent with the public welfare."

Other provisions of subsection (5) of § 29-2264 describe the positive effects for the applicant of having a conviction set aside. The order setting aside the conviction shall nullify the conviction, remove all civil disabilities and disqualifications imposed as a result of the conviction, and notify the offender to consult with any attorney regarding the effect of the order, if any, on the offender's ability to possess a firearm under state or federal law.

However, subsection (6) of § 29-2264 provides that setting aside a conviction shall not preclude the use of the conviction for numerous other matters expressly set forth therein, including determining the sentence on any subsequent conviction of a criminal offense; proving the conviction as evidence of the commission of the offense in the event an offender is charged with a subsequent offense and the penalty provided by law is increased if the prior conviction is proved; using the conviction as evidence of commission of the offense for purposes of determining whether an application filed or a license issued under childcare laws should be denied, suspended, or revoked; and determining eligibility for, or obligations relating to, a commercial driver's license.

[3] The parties agree that the decision of whether to set aside a conviction pursuant to § 29-2264 is discretionary, and in exercising its discretion, the court must consider the factors specified therein.[3] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or

---

[3] See, *State v. Kudlacz, supra* note 1; *State v. Wester*, 269 Neb. 295, 691 N.W.2d 536 (2005).

unreasonable or if its action is clearly against justice or con-science, reason, and evidence.[4]

Brunsen argues that the district court's decision was arbi-trary and capricious, and untethered from statutory factors, and that it violated due process and deprived him of a just result and substantial rights. He elaborates that the district court impermissibly relied on a "fear of personal backlash from the press" and a biased belief that the "Clean Slate Program was a misuse of taxpayer money."[5] He asserts the court also made an unwarranted comparison of Brunsen to a violent mass murderer rather than conducting a realistic analysis, based on the objective evidence before it, of whether Brunsen might reoffend in the future. Further, Brunsen asserts the court's decision was influenced by a misunderstanding of the function of a set aside, conflating it with record sealing and believing employers would no longer be able to see it, as well as by a misapprehension that other courts setting aside Brunsen's other convictions had not fully considered Brunsen's record. Finally, Brunsen argues courts should give substantial weight to the State's recommendations with respect to petitions to set aside convictions, and the court in this case did not.

## 1. Bias

[4,5] We first address Brunsen's claims of bias. The proper administration of the law demands not only that judges refrain from actual bias, but that they avoid all appearances of unfair-ness.[6] A judge should recuse himself or herself when a litigant demonstrates that a reasonable person who knew the circum-stances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown.[7]

---

[4] *In re Interest of Victor L.*, 309 Neb. 21, 958 N.W.2d 413 (2021).

[5] Brief for appellant at 8.

[6] See *Franks v. Franks*, 181 Neb. 710, 150 N.W.2d 252 (1967). See, also, *State v. Pattno*, 254 Neb. 733, 579 N.W.2d 503 (1998).

[7] *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

[6] We have recognized that certain comments made from the bench are "'too intemperate to be ignored.'"[8] On the other hand, "'a trial judge on occasion will misspeak'" and "'every ill-advised word will not be the basis for reversible error.'"[9] While some of the judge's commentary in this case was ill advised, we do not read the record as reflecting a bias against the "Clean Slate Program" or the law that the judge was called upon to implement.

The judge's commentary was made in the context of Brunsen's particular circumstance of having a lengthy criminal record. In other words, the judge was questioning the use of tax dollars to bring the petition at issue, not such petitions generally. The extent of the petitioner's criminal history is a relevant and proper consideration in determining the likelihood that the offender will not engage in further criminal activity and whether the order will be consistent with the public welfare. The comments were insufficient to question the judge's impartiality.

[7,8] In any event, failing to request a judge's recusal when aware for an adequate period of time of the court's conduct or beliefs forming the alleged basis for the recusal operates as a waiver of that right.[10] The issue of judicial disqualification is timely if submitted at the earliest practicable opportunity after the disqualifying facts are discovered.[11] Here, there was adequate time, between the commentary now complained of and the court's issuance of its ruling, for Brunsen's counsel to have moved for the judge to recuse herself. Because no timely issue of disqualification was submitted below, it was waived.

---

[8] *State v. Pattno, supra* note 6, 254 Neb. at 741, 579 N.W.2d at 508, quoting *U.S. v. Bakker*, 925 F.2d 728 (4th Cir. 1991).

[9] *Id*.

[10] See, *In re Interest of J.K.*, 300 Neb. 510, 915 N.W.2d 91 (2018); *State v. McHenry*, 268 Neb. 219, 682 N.W.2d 212 (2004); *State v. Lotter*, 255 Neb. 456, 586 N.W.2d 591 (1998), *modified on denial of rehearing* 255 Neb. 889, 587 N.W.2d 673 (1999).

[11] *In re Interest of J.K., supra* note 10.

## 2. IRRELEVANT, ERRONEOUS, OR
### SPECULATIVE INFORMATION

[9] The greater part of Brunsen's argument is that the court's decision was based on misinformation and unjustified, imaginary scenarios. We have said that due process requires that sentencing judges consider only constitutionally acceptable and relevant information as the basis for a sentence.[12] This is consistent with precedent of the U.S. Supreme Court that due process protections against arbitrary government decisions give the offender a right to a rational procedure of selecting a sentence based upon relevant considerations and accurate information.[13] In other contexts, we have said that judicial discretion is not an absolute to be exercised arbitrarily, but is a legal discretion.[14] We conclude the statutory mandate of § 29-2264 that the court consider "[a]ny other information the court considers relevant" does not empower the court to rest its decision on irrelevant or erroneous facts or misperceptions of the law. And the parties do not suggest otherwise.

However, we find in this case that the court did not rest its decision on irrelevant or erroneous facts. First, whether the court misunderstood that other courts had just "signed off" on setting other convictions aside is largely irrelevant. The court's obligation, regardless, was to independently consider the petition before it, and the record shows it did so.

As for the court's concerns about the set aside wiping Brunsen's record clean, such that employers would no longer see his prior convictions, the State clarified at length this

---

[12] See *State v. Pattno, supra* note 6. See, also, *State v. Cerritos-Valdez*, 295 Neb. 563, 889 N.W.2d 605 (2017); *State v. Barker*, 231 Neb. 430, 436 N.W.2d 520 (1989).

[13] See, *United States v. Tucker*, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948). See, also, *California v. Ramos*, 463 U.S. 992, 103 S. Ct. 3446, 77 L. Ed. 2d 1171 (1983).

[14] See *Schleif v. State*, 131 Neb. 875, 270 N.W. 510 (1936).

was not the case. Further, while not speaking in terms of employers, per se, § 29-2264 itself conveys that set asides do not wipe one's record clean. Finally, Brunsen's criminal record, which had been received by the court as evidence, showed all his prior convictions, separately indicating which ones were set aside. We will not presume from the judge's silence that the judge did not take the State's clarifications to heart or carefully review Brunsen's criminal record before issuing the order. Nor will we presume the judge failed to read and properly understand § 29-2264 prior to issuing the order. The trial judge is presumed to be familiar with and to have applied the proper rules of law, unless it clearly appears otherwise.[15]

We do not read the court's discussion of the Oklahoma City bombing as a determination that Brunsen has a propensity for violence, which was based on an imaginary scenario and complete speculation rather than a realistic analysis of whether Brunsen might reoffend in the future. Nor do we believe the record reflects that the court's decision was improperly influenced by the fear of imagined bad publicity. While we discourage such colorful hypothesizing, the court was making the point that it felt a serious and independent responsibility to evaluate whether granting Brunsen's set aside of his conviction was consistent with the public welfare, which was in doubt due to an extensive criminal history. The court's point was dramatized, but it does not appear the court believed, based on a loose association of trucks and dangerous materials, that Brunsen's criminal record was predictive of mass murder. And we note, further, that this commentary took place before the State clarified the set aside would not mean Brunsen's prior convictions were hidden from employers or from the federal authorities that would issue the transportation credentials he wished to obtain.

---

[15] See, *Hofferber v. Hastings Utilities*, 282 Neb. 215, 803 N.W.2d 1 (2011); *State v. Keup*, 265 Neb. 96, 655 N.W.2d 25 (2003). See, also, *United States v. Tucker, supra* note 13.

### 3. State's Recommendation

[10,11] The court's point that it was not obliged to simply "sign[] off" on the petition to set aside the conviction because the county attorney had done so is well taken. While the court may, in its discretion, give weight to the county attorney's recommendation, we disagree with Brunsen's argument that it had an obligation to do so. No such obligation is set forth in § 29-2264. We give statutory language its plain and ordinary meaning and will not read into a statute a meaning that is not there.[16]

## VI. CONCLUSION

In conclusion, we disagree with Brunsen's contention that the district court's decision was arbitrary and capricious and untethered from statutory factors. Rather, the court implicitly found that setting aside Brunsen's 1988 conviction was inconsistent with the public welfare, after considering the likelihood, based upon an extensive criminal history with a conviction as recent as 2017, that Brunsen would not engage in further criminal activity. Abuse of discretion is a deferential standard of review.[17] And we cannot say that the court abused its discretion in denying Brunsen's petition to set aside his 1988 conviction. The district court's order is affirmed.

Affirmed.

Heavican, C.J., not participating.

---

[16] See, e.g., *Lozier Corp. v. Douglas Cty. Bd. of Equal.*, 285 Neb. 705, 829 N.W.2d 652 (2013).

[17] See, e.g., *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012).